| | |
|---|---|
| ESTEFANY MARIA RODRIGUEZ FLORES, <br><br> Petitioner, <br><br> v. <br><br> Scott LADWIG, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement; Kristi NOEM, Secretary, U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; ICE ENFORCEMENT & REMOVAL OPERATIONS, Nashville Field Office. <br><br> Respondent. | Case No. _____ |

## EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS

Pursuant to 28 U.S.C. § 2241, petitioner Estefany Maria Rodriguez Flores (Rodriguez) asks the Court to issue a Writ of Habeas Corpus requiring Respondents to immediately release her because immigration agents have seized her in violation of the Fourth Amendment and the Due Process Clause. *See Rosada v. Figueroa*, No. CV 25-02157, 2025 U.S. Dist. LEXIS 156344, at *52–53 (D. Ariz. Aug. 11, 2025) (Rep. & Recommendation), *adopted by* 2025 U.S. 156336, at *3 (D. Ariz. Aug. 13, 2025) (ordering immediate release of immigration detainee due to Fourth Amendment violation).

1

Rodriguez is a journalist, working for *Nashville Noticias* and often reporting stories critical of the practices of U.S. Immigration and Customs Enforcement (ICE). She entered the United States lawfully, timely applied for political asylum, and has also applied for status through her U.S. citizen husband. She has followed ICE's express directions at all times. Nonetheless, this morning, ICE arrested her summarily and without a warrant in violation of 8 U.S.C. § 1357(a)(2), which required a warrant in the circumstances. At the time of filing this petition, she remains in the physical custody of the Respondents ICE Enforcement & Removal Operations (ERO) Nashville Field Office.

Because Rodriguez has wrongfully been deprived of her physical liberty and because the habeas statute, 28 U.S.C. § 2243, is designed to provide swift relief, it is respectfully requested that the Court order Respondents to show cause **by Friday, March 6, 2026**.

## JURISDICTION

1. Petitioner Rodriguez is in the physical custody of Respondents, as she remains in immigration custody. At the time of the filing of this petition, Petitioner is in the physical custody of the Respondents ICE Enforcement & Removal Operations Nashville Field Office, so this Court has jurisdiction. *Rumsfield v. Padilla*, 542 U.S. 426 (2004). Even if Petitioner were moved from this District after the filing of the Petition, this Court would retain jurisdiction. *Ex parte Endo*, 323 U.S. 283, 305–06 (1944).

2. This Court has jurisdiction under 28 U.S.C. § 2241(c)(5) (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, section 9, clause 2 of the United States Constitution (the Suspension Clause).

3. This Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

# VENUE

4. Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493–500 (1973), venue lies in the United States District Court for the Middle District of Tennessee, the judicial district in which Petitioner was taken into custody and detained. Regardless of where Petitioner is detained as her case progresses, venue lies here because, in this District, the Petitioner was seized by ICE, has long resided, and has legal counsel, whereas Petitioner has no connection to any other district. *See So v. Reno*, 251 F. Supp. 2d 1112, 1127 (E.D.N.Y. 2003) (collecting cases).

5. Venue is also properly in this Court pursuant to 28 U.S.C. § 1391(e) because Respondents are employees, officers, and agencies of the United States, and because a substantial part of the events or omissions giving rise to the claims occurred in the Middle District of Tennessee.

# REQUIREMENTS OF 28 U.S.C. § 2243

6. Habeas corpus is "perhaps the most important writ known to the constitutional law . . . affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963).

7. Pursuant to 28 U.S.C. § 2243, the Court must grant the petition for writ of habeas corpus or order Respondents to show cause "forthwith," unless the petitioner is not entitled to relief. *Id.* After issuance of an order to show cause, Respondents must file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* Upon filing of the return, the Court sets a hearing "not more than five days after the return unless for good cause additional time is allowed." *Id.* Finally, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." *Id.*

## PARTIES

8. Petitioner Rodriguez is a citizen of Colombia who has been in immigration detention since the morning of March 4, 2026. Petitioner has continuously resided in the United States for five years, and currently resides in the Middle District of Tennessee.

9. Respondent Scott Ladwig is the Director of the New Orleans Field Office of ICE's Enforcement and Removal Operations division. As such, Ladwig is Petitioner's immediate custodian and is responsible for Petitioner's detention and removal. He is named in his official capacity.

10. Respondent Kristi Noem is the Secretary of the Department of Homeland Security. She is responsible for the implementation and enforcement of the Immigration and Nationality Act (INA), and oversees ICE, which is responsible for Petitioner's detention. Ms. Noem has ultimate custodial authority over Petitioner and is sued in her official capacity.

11. Respondent Department of Homeland Security (DHS) is the federal agency responsible for implementing and enforcing the INA, including the detention and removal of noncitizens.

12. Respondent ICE Enforcement & Removal Operations (ERO) in Nashville, Tennessee likewise has immediate physical custody of Petitioner while in this District.

## FACTS

13. Petitioner Rodriguez is a journalist who presently works for *Nashville Noticias*. She frequently reports on stories critical of ICE, including covering ICE arrests yesterday, on March 3, 2026.

14. Rodriguez was born in Colombia in 1990, and she lawfully entered the United States in March 2021 on a tourist visa. While the visa was still valid, she filed for political

4

Case 3:26-cv-00247   Document 1   Filed 03/04/26   Page 4 of 8 PageID #: 4

asylum. She subsequently married a U.S. citizen, and she and her husband have filed for permission for her to adjust her status to lawful permanent resident. She has a valid work permit.

15. In January 2026, Rodriguez received a G-56 letter from ICE asking her to "[p]lease come to the ICE field office" on January 26, 2026 for "processing and additional information" and to "help ensure the best outcome for [her] case." (Ex. 1, Records at 1.) She and her immigration lawyer, Joel Coxander, planned to go to the meeting and to present evidence and arguments as to why it would be inappropriate to start removal proceedings against her through a Notice to Appear (NTA) and/or to take her into custody. But on January 26, Nashville was shut down by a major ice storm, and so the ICE ERO office was closed.

16. When an ICE office is unexpectedly closed, it typically reschedules all appointments for the day it was closed or provides some notice of when those with appointmetns should next report to ICE. That happened here. Rodriguez soon received a second G-56 letter, dated February 10, 2026, asking her to come to the office on Wednesday, February 25, 2026. (Ex. 1, Records at 2.)

17. On Monday, February 23, 2026, Rodriguez's husband, accompanied by attorney Coxander's agent (another attorney), went to the ICE ERO office to ask what to expect on February 25 and to ask if ICE could, rather than having the meeting, simply mail a Notice to Appear (NTA), which is the immigration charging paper, directly to her lawyer, Coxander, or provide it to Coxander's agent directly. But the ICE agent could not find Rodriguez in their computer system for appointments and could find no sign of an appointment for her on February 25. Multiple agents reviewed the situation. The ICE agent stated that she would instead report at a different date to resolve the situation. Finally, the agent gave Coxander's agent an I-220B ("Order of Supervision (Continuation Page)") that stated Rodriguez's report date was March 17,

5

Case 3:26-cv-00247    Document 1    Filed 03/04/26    Page 5 of 8 PageID #: 5

2026. (Ex. 1, Records at 3.) Prior to receiving this notice, Coxander and Rodriguez had fully intended to appear at the ICE ERO office on February 25, 2026, as requested.

18. In light of this new notice, Coxander and Rodriguez planned to appear at the ICE ERO office on March 17, 2026. But on the morning of March 4, 2026, Rodrigeuz was stopped by an ICE agent who summarily took her into custody. According to Rodriguez, she was shown an NTA charging paper but was not shown any arrest warrant. Coxander has spoken to an ICE agent who indicated that there was no arrest warrant for her at the time of her arrest.

## CLAIM FOR RELIEF

## VIOLATION OF THE FOURTH AMENDMENT

19. Petitioner incorporates by reference the factual allegations and legal arguments set forth in the preceding paragraphs.

20. The Fourth Amendment is violated when an individual is unlawfully seized. *Florida v. Bostick*, 501 U.S. 429, 434 (1991). An arrest or detention constitutes a seizure. *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011).

21. It is unlawful for an immigration authority to make a warrantless arrest of a noncitizen who is already present in the United States absent a "reason to believe" not only that the individual "in is in the United States in violation of" an immigration law or regulation, but also that the individual "is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2); *see Morales v. Chadbourne*, 793 F.3d 208, 216 (1st Cir. 2015) ("Courts have consistently held that the 'reason to believe' phrase in § 1357 'must be read in light of constitutional standards, so that "reason to believe" must be considered the equivalent of probable cause.'") (quoting *Au Yi Lau v. INS*, 445 F.2d 217, 222 (D.C. Cir. 1971)).

22. Immigration authorities evidently arrested Petitioner without a warrant. They certainly lacked any basis for deciding she was likely to escape before a warrant could be obtained because she entered the United States lawfully, timely applied for political asylum, also applied for status through her U.S. citizen husband, and was actively trying, with the assistance of a lawyer, to comply with their requests to come to the ICE ERO office. *See Rosada v. Figueroa*, No. CV 25-02157, 2025 U.S. Dist. LEXIS 156344, at *52 (D. Ariz. Aug. 11, 2025) (Rep. & Recommendation) (finding that noncitizen's warrantless arrest violated the Fourth Amendment, and recognizing that her long residence at liberty in the country and her compliance with immigration authorities weighed against the conclusion she was likely to escape), *adopted by* 2025 U.S. 156336, at *3 (D. Ariz. Aug. 13, 2025). Thus, her warrantless arrest was unlawful, and her "release from detention should be granted because her Fourth Amendment rights were violated." *Rosada*, 2025 U.S. Dist. LEXIS 156344, at *53.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

    a. Assume jurisdiction over this matter;

    b. Issue a Writ of Habeas Corpus requiring that Respondents release Petitioner;

    c. Declare that Petitioner's detention is unlawful;

    d. Award Petitioner attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, and on any other basis justified under law; and

    e. Grant any other and further relief that this Court deems just and proper.

Respectfully submitted,

*/s/ Michael C. Holley*
Michael C. Holley
Julio Colby
TENNESSEE IMMIGRANT & REFUGEE RIGHTS COALITION
3310 Ezell Road
Nashville, TN 37211
Phone: (615) 457-4768
mike@tnimmigrant.org
mholley@holleylegal.com
julio@tnimmigrant.org

*/s/ Joel Coxander*
Joel Coxander
MIRA Legal
486 Bell Road, Suite B
Nashville, TN 37217

Counsel for Petitioner

# VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I, Joel Coxander, am submitting this verification on behalf of the Petitioner because I am her attorney and Petitioner is in custody with limited ability to communicate and sign documents. Based on discussions with Petitioner and review of certain documents, I hereby verify that the factual statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

*s/ Joel Coxander*
Joel Coxander