IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ESTEFANY MARIA RODRIGUEZ FLORES, ) ) ) Petitioner, ) ) v. ) ) Scott LADWIG, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement; Kristi NOEM, Secretary, U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; ICE ENFORCEMENT & REMOVAL OPERATIONS, Nashville Field Office, ) ) ) ) ) ) ) ) ) ) ) ) ) Respondents. ) | CASE NO.: 3:26-cv-00247 JUDGE RICHARDSON |

**ORDER**

Pending before the Court is a petition for writ of habeas corpus (Doc. No. 1, "Petition"), styled as an "emergency" petition, pursuant to 28 U.S.C. § 2241. Via the Petition, Petitioner, Estefany Maria Rodriguez Flores seeks immediate release from custody of the ICE Enforcement & Removal Operations ("ERO") Nashville Field Office. (Doc. No. 1 at 1-2). Petitioner also requests that this Court order Respondents to show cause, pursuant to 28 U.S.C. § 2243, by Friday, March 6, 2026. (*Id*. at 2).

Under 28 U.S.C. § 2241, district courts possess the authority to grant a writ of habeas corpus to any petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Relevant here, "[a]lthough the court may not review discretionary decisions made by immigration authorities, it may review immigration-related detentions to determine if they comport with the demands of the Constitution." *Azalyar v. Raycraft*, No. 1:25-

CV-916, 2026 WL 30741, at *2 (S.D. Ohio Jan. 2, 2026) (quoting *Deng Chol A. v. Barr*, 455 F.Supp.3d 896, 901 (D. Minn. 2020) (citing *Zadvydas v. Davis*, 533 U.S. 678, (2001)). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. In some instances (such as with the Petition before the Court), as a matter of case management, ordering a preliminary response may be more appropriate than immediately issuing a deadline for showing cause.[1]

Petitioner plainly seeks compressed briefing—as reflected by Petitioner claiming a right to an emergency ruling, by filing an "Emergency Petition for Writ of Habeas Corpus." But simply labeling a petition as an emergency petition does not require this Court to expedite final show-cause briefing on the tight timeframe that Petitioner has requested. *See* 28 U.S.C. § 2243 ("The writ [of habeas corpus], or order to show cause shall be…returned *within three days* unless for good cause additional time, not exceeding twenty days, is allowed.") (emphasis added). Likewise, the Court fails to see why Petitioner would be entitled to force Respondents to make their final showing of cause less than three days from the time the Petition was filed.

However, the Court understands the desire to expedite briefing on this particular matter, where Petitioner was allegedly provided a Notice to Appear—and not an arrest warrant—and taken

---

[1] "District [c]ourts have discretion to manage their own dockets as they see fit." *In re Flint Water Cases*, No. 516CV10444JELMKM, 2021 WL 2457986, at *2 (E.D. Mich. June 16, 2021) (citing *Jordan v. City of Detroit*, 557 Fed. App'x 450, 456–57 (6th Cir. 2014) (discussing the district court's "inherent authority to control its docket in promoting economies of time and effort for the court, the parties, and the parties' counsel" (internal citations omitted)); *Bowles v. City of Cleveland*, 129 Fed. App'x 239, 241 (6th Cir. 2005) ("[A] district court has inherent power to protect[ ] the due and orderly administration of justice and ... maintain [ ] the authority and dignity of the court....") (internal citations omitted))). *See also* 28 U.S.C. § 2243 ("The court shall summarily hear and determine the facts, and dispose of [a petitioner's habeas petition] as law and justice require.")

into custody, despite having a scheduled date (March 17, 2026) to appear at an ICE ERO office. (Doc. No. 1 at ¶ 18). Therefore, Respondents are **DIRECTED** to file a preliminary response[2] by **noon (CST), Friday, March 6, 2026**. Petitioner is **DIRECTED** to file a reply to Respondent's preliminary response by **3 p.m. (CST), Friday, March 6, 2026.**

    **IT IS SO ORDERED.**

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[2] To be clear, the Court is not (at least, at this time) ordering Respondents to file a final show-cause response, pursuant 28 U.S.C. § 2243. Instead, the Court seeks additional information to determine what (if anything) can be accomplished before the weekend by mutual agreement, or otherwise—such as a clarification of relevant facts, a narrowing of issues, or a consensus regarding any preliminary relief.