IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ESTEFANY MARIA RODRIGUEZ FLORES,<br><br>    Petitioner,<br><br>v.<br><br>Scott LADWIG, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement; Kristi NOEM, Secretary, U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; ICE ENFORCEMENT & REMOVAL OPERATIONS, Nashville Field Office.<br><br>    Respondent. | Case No. 3:26-cv-00247<br>Judge Richardson |

**PETITIONER'S REPLY TO RESPONDENT'S PRELIMINARY RESPONSE**

Petitioner Estefany Maria Rodriguez Florez (Rodriguez)[1] replies to the government's preliminary response to her petition for a writ of habeas corpus. The government has implicitly admitted the Immigration and Customs Enforcement (ICE) agents made a warrantless arrest of Rodriguez. Accordingly, the Court should order her release. In the alternative, the Court should allow Rodriguez to amend her petition by adding a claim for First Amendment retaliation by the close of business, Monday, March 9, 2026.

---

[1] The petitioner is filing a motion to correct the spelling of her last surname to "Florez."

1

ICE agents can "execute warrants of arrest for administrative immigration violations" when duly issued and served. 8 C.F.R. § 287.5(e)(3) ("Service of warrant of arrests for immigration violations.") As reflected by the I-200 arrest warrant in this very case, when the officer makes an arrest under the warrant he must "certify that the Warrant for Arrest of Alien was served by [him]" on a certain person, at a certain time and place, and while reading the warrant to that person in a certain language. (Warrant, R.9-1, PageID# 43.) *Cf.* Fed. R. Crim. P. 4(c)(3)(A) (requiring arresting officer to "show" the warrant to the defendant and "inform the defendant of the warrant's existence and of the offense charged").

But here the Warrant for Arrest provided by the Respondents indicates on its face that it was *not served* on Rodriguez because the service section remains entirely blank. (Warrant, R.9-1, PageID# 43. *Compare* I-826, R.9-3, PageID# 51 (certificate of service properly completed).)[2] Likewise, the Form I-213's description of the arrest indicates that from the time the ICE agents "observed" Rodriguez until the time she was "transported . . . to the Nashville Hold Room for processing," she was not served with any warrant. (I-213, R.9-2, PageID# 47.) Indeed, the I-213 does *not* assert a warrant was even issued on March 2. Thus, it is clear from the face of the Warrant for Arrest and from the I-213 narrative that the ICE agents seized Rodriguez in the parking lot and transported her to the ERO office[3] without ever executing or serving the warrant, which means it was a warrantless arrest.[4]

---

[2] It also seems that, at some point, the Warrant for Arrest was crumpled up and discarded, not placed in a file as would be any relevant document. (Warrant, R.9-1, PageID# 43 (oddly crumpled and photographed, rather than flat and scanned).)

[3] This seizure and transportation constitute a detention that goes far beyond the scope of a mere investigative detention under *Terry v. Ohio*, 391 U.S. 1 (1968).

[4] Moreover, as stated in the Petition, counsel Joel Coxander spoke with agents at the ICE ERO office that afternoon who indicated that there was no warrant at the time of Rodriguez's arrest but rather they were still preparing paperwork. (Pet., R.1, PageID# 6.)

2

The Respondents do not even try to justify a warrantless arrest of Rodriguez. To justify it, they would have to prove the agents had probable cause that she "[wa]s likely to escape before a warrant can be obtained for h[er] arrest." 8 U.S.C. § 1357(a)(2). But the facts recited in the Form I-213 foreclose such a finding. That form confirms that she entered the United States lawfully on a visa; that prior to that visa's expiration, she duly applied for asylum (which was based on death threats she faced in Columbia due to her work as a journalist); that she was issued a work permit; that she married a U.S. citizen and applied for status through him; and that she has no criminal record, and thus no record of failing to appear in court. (I-213, PageID# R.9-1, PageID# 47–48.) It also showed that with the assistance of legal counsel she had proactively attempted to comply with ICE's requests made through G-56 letters, and that, in fact, on February 23, 2026, "officers gave her a new report date of March 17, 2026." (*Id.* PageID# 48.) Because Rodriguez could not possibly be considered a flight risk, this warrantless arrest violated § 1357(a)(2) and constituted an unreasonable search and seizure in violation of the Fourth Amendment. *Rosada v. Figueroa*, No. CV 25-02157, 2025 U.S. Dist. LEXIS 156344, at *52 (D. Ariz. Aug. 11, 2025) (Rep. & Recommendation) (finding that noncitizen's warrantless arrest violated the Fourth Amendment in similar circumstances), *adopted by* 2025 U.S. 156336, at *3 (D. Ariz. Aug. 13, 2025). The Respondents do not dispute this flight-risk analysis or the consequent legal conclusion.

Nonetheless, the Respondents do assert the unserved, unexecuted, and evidently crumpled-into-a-ball warrant makes a difference. But that assertion suffers from two flaws, one factual and one legal. As for the facts, there is internal conflict in the Respondents' documents: the warrant itself shows it went unserved and unexecuted, whereas the Form I-213 claims that "an I-200 Warrant of Arrest" was "served" on her, evidently only after her delivery to the ICE ERO office and prior to her departure for the detention center in Etowah, Alabama. (Form I-213,

3

R.9-2, PageID# 47.) If an arrest warrant ever was in fact served and executed, it should be provided to the Court. As the record stands, it appears most likely no warrant was ever executed.

Moreover, there is a legal flaw to their argument. Even if a warrant was subsequently served and executed—as regulations require following a warrantless arrest, 8 C.F.R. § 287.3(d)—it remains true that Rodriguez was unlawfully seized and transported to the ICE ERO office in violation of the Fourth Amendment. Habeas corpus is "above all, an adaptable remedy." *Boumediene v. Bush*, 553 U.S. 723, 779–80 (2008); *see also Hamdi v. Rumsfeld*, 542 U.S. 507, 526 (2004) (discussing "the flexibility of the habeas mechanism"); *Schlup v. Delo,* 513 U.S. 298, 319 (1995) (Habeas "is, at its core, an equitable remedy"); *Jones v. Cunningham,* 371 U.S. 236, 243 (1963) (Habeas is not "a static, narrow, formalistic remedy; its scope has grown to achieve its grand purpose"). Because habeas aims to restore the *status quo ante,* and "'[t]he typical remedy [for unlawful detention] is of course, release.'" *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 354–55 (S.D.N.Y. 2019) (quoting *Munaf v. Geren*, 553 U.S. 674, 128 S.Ct. 2207, 2221 (2008)). Accordingly, the remedy of release for that unlawful seizure remains immediate release. *Rosada*, 2025 U.S. Dist. LEXIS 156344, at *53 ("release from detention should be granted because her Fourth Amendment rights were violated"). Furthermore, Rodriguez has sought declaratory relief, and the Court should also expressly declare her arrest was unconstitutional.

Finally, counsel Joel Coxander has learned from Rodriguez that an ICE agent who arrested her had a photo on his cellular phone of her work vehicle emblazoned with *Nashville Noticias*, the media outlet for which she works. Moreover, when Rodriguez was at the ICE ERO office, her immigration lawyer, Coxander, spoke with a supervisor. Counsel made it absolutely clear that Rodriguez and he had done everything reasonably possible to ensure they appeared at the ICE ERO office at the right time for then requested interview. Nonetheless, and despite the

fact that Rodriguez poses absolutely no flight risk, the Respondents decided to deny Rodriguez release when making the requisite release determination, *see* 8 C.F.R. § 287.3(e), and instead decided to ship her to Louisiana where she would remain detained for a substantial period before she could even get a bond hearing. These facts indicate retaliation against Rodriguez in violation of the First Amendment due to her work as a journalist, including reporting on ICE. She asks for the opportunity to move to amend her petition to add such a claim by the close of business, Monday, March 9, 2026.

Respectfully submitted,

*/s/ Michael C. Holley*
Michael C. Holley
Julio Colby
TENNESSEE IMMIGRANT & REFUGEE RIGHTS COALITION
3310 Ezell Road
Nashville, TN 37211
Phone: (615) 457-4768
mike@tnimmigrant.org
mholley@holleylegal.com
julio@tnimmigrant.org

*/s/ Joel Coxander*
Joel Coxander
MIRA Legal
486 Bell Road, Suite B
Nashville, TN 37217

Counsel for Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2026, I electronically filed this pleading with the U.S. District Court Clerk by using the CM/ECF system to Assistant United States Attorney Mercedes C. Maynor, United States Attorney's Office, 719 Church St., Suite 3300, Nashville TN 37203.

s/ *Michael C. Holley*
MICHAEL C. HOLLEY