## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| ESTEFANY MARIA RODRIGUEZ FLOREZ, <br><br> Petitioner, <br><br> v. <br><br> Scott LADWIG, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement, *et al.* <br><br> Respondent. | **Case No. 3:26-cv-00247** <br> **Judge Richardson** |

## PETITIONER'S SUPPLEMENTAL REPLY TO THE RESPONDENTS' PRELIMINARY RESPONSE

Petitioner Estefany Rodriguez Florez respectfully submits this supplemental reply to address Respondents' social-media post that aimed to refute the points Rodriguez made in her reply. She submits this supplement at this time—prior to the Respondents' final response to her Petition, which is due March 9, 2026—in order that argument on the issue can be moved forward.

On Thursday, March 5, 2026, this Court ordered the parties to each submit preliminary responsive pleadings on Friday, March 6. In their preliminary pleading, the Respondents asserted that their Exhibit 1 proved that the ICE agents had *not* detained Rodriguez through a warrantless arrest when they detained her on March 4. (Prelim. Resp., R.9, PageID# 39.) Their Exhibit 1 was a handwritten, crumpled warrant that was incomplete (lacking Rodriguez's alien number), that

1

was dated March 2, and that, due to its blank certificate of service, obviously was *not* served on Rodriguez. *See* 8 C.F.R. § 287.5 ("Service of warrant of arrests for immigration violations").

In her reply, Rodriguez pointed out both that the handwritten warrant's certificate of service was blank and that Form I-213's arrest narrative indicated the arrest in the field was made without a warrant. For these reasons, she argued that the Respondents' own documents proved she was in fact subjected to a warrantless arrest (which was unlawful because she did not remotely present a flight risk). (Pet. Reply, R.10, PageID# 53–55.) Rodriguez noted that the Form I-213 also indicated that a warrant was in fact served on Rodriguez *but not until she was in the ICE field office,* rather than during her arrest in the field. And she said that if that warrant was in fact served and executed in the field office, "it should be provided to the Court." (*Id.* PageID# 55.) That warrant's absence from the Respondents' reply was conspicuous.

On Saturday, March 7, through a post on x.com, the Respondent Department of Homeland Security (DHS) evidently gave the public that warrant, which is a typewritten warrant dated March 4. (Ex. 1, March 4 Warrant.) DHS said that the warrant proved Rodriguez's claim about a warrantless arrest was a "hoax." As discussed below, it is obvious that the typewritten March 4 warrant was not issued or executed until after Rodriguez's arrest in the field, but rather it was issued and executed later when she was being processed in the ICE field office.

Regulations set forth the steps to process a person "arrested without a warrant." 8 C.F.R. § 287.3 ("Disposition of cases of aliens arrested without warrant"). First, the arrestee is "examined by an officer other than the arresting officer." 8 C.F.R. § 287.3(a). If the examining officer decides the arrestee is present in the United States without legal authority, the officer either refers the case to an immigration judge or "take[s] whatever other action might be appropriate." 8 C.F.R. § 287.3(b). Finally, within 48 hours of the warrantless arrest, "a

2

determination will be made . . . whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appeal and *warrant of arrest . . .* will be issued." 8 C.F.R. § 287.3(d) (italics added).

The typewritten, March 4 warrant reflects that, when Rodriguez was delivered to the ICE office subsequent to her warrantless arrest, the ICE agents followed these procedures which culminated in issuing and serving that warrant. This fact is clear for at least two reasons.

First, consider the boxes that are check marked as the basis for concluding Rodriguez was removable. One checked box cites "the failure to establish admissibility *subsequent to deferred inspection.*" (Ex. 1, March 4 Warrant (emphasis added).) That checked box reflects, at the ICE field office after Rodriguez's arrest, that the examining officer asked her to establish lawful presence and she couldn't. Another checked box indicates that another basis for concluding Rodriguez was removable may have been a statement she voluntarily gave (*e.g.*, such statements could be voluntarily admitting foreign birth, etc.). Rodriguez had no prior deferred inspection or interview with ICE. Thus, these checked boxes reflect that the warrant was completed, issued, and executed, as mandated by § 287.3(d), after Rodriguez's examination subsequent to a warrantless arrest.

Second, consider the simple fact that the certificate of service is typewritten (or produced by a computer and printer), and that it includes information that the arresting officer would not know before going into the field to try to execute it. That information includes the location, date, and language used to read the notice. The fact this information is typewritten provides circumstantial support to what the checked boxes already make clear: that this March 4 warrant is the warrant that was produced as the culmination of the field-office processing mandated by 8 U.S.C. § 287.3 for a person "arrested without a warrant." 8 C.F.R. § 287.3.

Although it is unclear why this March 4 warrant was not included in the Respondents'
reply on March 6, it serves to confirm what Rodriguez has said all along: she was arrested in the
field, and taken to the ICE office, without a warrant.

Respectfully submitted,

/s/ Michael C. Holley
Michael C. Holley
Julio Colby
TENNESSEE IMMIGRANT & REFUGEE RIGHTS
COALITION
3310 Ezell Road
Nashville, TN 37211
Phone: (615) 457-4768
mike@tnimmigrant.org
mholley@holleylegal.com
julio@tnimmigrant.org

/s/ Joel Coxander
Joel Coxander
MIRA Legal
486 Bell Road, Suite B
Nashville, TN 37217

Counsel for Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2026, I electronically filed this pleading with the U.S.
District Court Clerk by using the CM/ECF system to Assistant United States Attorney Mercedes
C. Maynor, United States Attorney's Office, 719 Church St., Suite 3300, Nashville TN 37203.

s/ Michael C. Holley
MICHAEL C. HOLLEY

4