IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ESTEFANY MARIA RODRIGUEZ FLOREZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Scott LADWIG, Field Office Director of )<br>Enforcement and Removal Operations, New )<br>Orleans Field Office, Immigration and )<br>Customs Enforcement; Kristi NOEM, )<br>Secretary, U.S. Department of Homeland )<br>Security; DEPARTMENT OF HOMELAND )<br>SECURITY; ICE ENFORCEMENT & )<br>REMOVAL OPERATIONS, Nashville Field )<br>Office., )<br>)<br>Defendants. ) | Case No. 3:26-cv-00247<br>Judge Richardson<br>Magistrate Judge Holmes |

## RESPONDENTS' SHOW-CAUSE RESPONSE

Respondents, by and through the United States Attorney, and the undersigned Assistant United States Attorney, hereby submit this response to the Show-Cause Order. (D.E. 16).

Petitioner, on March 4, 2026, filed her original Petition that included in the heading "Emergency," and alleged that she was taken into custody without a warrant. (D.E. 1). That is simply not true. Respondents submit that Petitioner was arrested pursuant to a valid arrest warrant, lawfully detained, and she has clearly misrepresented facts in her original Petition. On March 8, 2026, she filed a First Amended Petition For Writ of Habeas Corpus and added a First Amendment violation claim. (D.E. 14). Respondents submit that the Amended Petition[1] should be denied

---

[1] Respondents note that Petitioner's Original Petition has been superseded by Petitioner's Amended Petition filed pursuant to Fed. R. Civ. P. 15. *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014). Therefore, Petitioner forfeited any argument that she did not include in the Amended Petition. *Id.* (citing *Clark v. Johnston*, 413 F. App'x 804, 811-12 (6th Cir. 2011).

because (1) Petitioner has failed to exhaust administrative remedies; (2) this Court is without jurisdiction; and (3) even if this Court had jurisdiction all of Petitioner's constitutional claims are without merit and could not be substantiated.

Further, there is no properly named Defendant. The only proper Defendant to Petitioner's allegations is the Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, who has not been named. A writ of habeas corpus may only be issued "to the person having custody of the person detained." 28 U.S.C. § 2243. Except in extraordinary circumstances, the only proper respondent in a habeas corpus case is the detainee's immediate custodian. *See Roman v. Ashcroft*, 340 F.3d 314, 320 (6th Cir. 2003). In the immigration context, that is the U.S. Immigration and Customs Enforcement's ("ICE") Field Office Director.[2] *See id.*

Nevertheless, this Petition should be denied.

## INTRODUCTION

Petitioner, a citizen of Columbia not in possession of valid immigration documents, was arrested on March 4, 2026, pursuant to a valid arrest warrant, and subsequently served with a Notice to Appear which notified her of removal proceedings. (*See* D.E. 9-1, PageID#: 43; D.E. 9-2, PageID#: 45-49). She is currently lawfully detained in the Etowah County Jail.[3] She was allowed to contact her lawyer after being processed for removal proceedings. (*Id.*) At the time of arrest, Petitioner's authorization to stay in the United States on her B2 visa was expired and she was in the United States illegally. Her reference to an asylum application or work permit (D.E. 1; D.E. 14) does not negate the fact that she is an undocumented alien and should be detained pending a bond hearing. Petitioner did not request a bond hearing until March 6, 2026, at 12:59 p.m. CST,

---

[2] The Respondents filed a Limited Notice of Appearance on March 6, 2026. (D.E. 8).
[3] As of the filing of this response, the undersigned states Petitioner is enroute to Louisiana.

seconds before Respondents filed their preliminary response to the "Emergency" Petition for Writ of Habeas Corpus. (*See* Exhibit 1, Pre-NTA Request for Bond Hearing). She is seeking release claiming that she was subjected to a "warrantless arrest;" claiming violations of the First, Fourth and Fifth Amendments and asking this Court to enjoin Respondents from taking any enforcement action against her. (D.E. 14). All of her claims are without merit. There was a valid Warrant for her Arrest as an Alien issued on March 2, 2026, two days prior to her arrest. (*See* D.E. 9-1, PageID#: 43). The arrest warrant clearly marked the cause of her arrest. (*Id.*) Also, on March 4, 2026, the day of her arrest, she was processed, provided a Notice of Rights and Advisals, a Notice to Appear, and a Warrant for Arrest that certified the date and basis of her arrest. (*See* D.E. 9-3, PageID#: 51; Exhibit 2, Notice to Appear; D.E. 15-1, PageID#: 101).

Petitioner, on March 10, 2021, entered the United States on a valid B2 visa, being authorized to stay until September 9, 2021. (D.E. 9-2, PageID#: 47). She remained unlawfully in the United States beyond her authorized stay without obtaining any paperwork allowing her to remain in the United States. (*Id.*)

On January 8, 2026, a G-56 letter to report was issued to Petitioner directing her to report on January 26, 2026, to the Nashville ICE Field Office. (D.E. 1-1, PageID#: 9). On January 21, 2026, Petitioner married a United States Citizen. (D.E. 9-2, PageID#: 48). On February 10, 2026, another G-56 letter to report was issued to Petitioner directing her to report on February 25, 2026. (D.E. 1-1, PageID#: 10). When she failed to report, a warrant for her arrest was issued on March 2, 2026, and executed on March 4, 2026. (D.E. 9-2).

As stated above, on March 6, 2026, at 12:59 p.m. CST, Petitioner requested a bond hearing which is currently set for March 16, 2026, at the Oakdale Immigration Court (*see* Exhibit 3, Notice of Custody Redetermination Hearing) and 8 C.F.R. § 1003.19(b) ("Application for an initial bond

3

redetermination by a respondent, or his or her attorney or representative, may be made orally, in writing, or, at the discretion of the Immigration Judge, by telephone.")

## ARGUMENT

Petitioner, an illegal alien, was arrested, detained, and placed in removal proceedings, pursuant to a valid arrest warrant. All of the applicable laws and regulations of the United States were followed.

Pursuant to 8 C.F.R. § 287.5(c), (e)(2), immigration officials have the authority to issue arrest warrants. On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. 8 U.S.C. § 1226(a).

An arrest shall be made only when the designated immigration officer has reason to believe that the person … is an alien illegally in the United States. 8 C.F.R. § 287.8(c). At the time of the arrest, the designated immigration officer shall, as soon as it is practical and safe to do so:

(A) Identify himself or herself as an immigration officer who is authorized to execute an arrest; and

(B) State that the person is under arrest and the reason for the arrest.

(*Id.*)

Respondents submit that Petitioner's arrest and detention are not in violation of any laws or regulations. The arresting officer's conduct was in full compliance with existing laws and regulations of the United States. Petitioner was an illegal alien at the time of arrest and remains an illegal alien. Her Amended Petition should be denied.

**A. The Court should require Petitioner to exhaust administrative remedies.**

The Court should dismiss the Amended Petition for Writ of Habeas Corpus for lack of jurisdiction as Petitioner has failed to exhaust administrative remedies. A habeas petitioner must

normally exhaust administrative remedies before seeking federal court intervention. The exhaustion requirement "aims to provide the agency with a chance to correct its own errors, 'protect[] the authority of administrative agencies,' and otherwise conserve judicial resources by 'limiting interference in agency affairs, developing the factual record to make judicial review more efficient, and resolving issues to render judicial review unnecessary." *Ramani v. Ashcroft*, 378 F.3d 554, 559 (6th Cir. 2004); *Rabi v. Sessions*, No. 18-3249, 2018 U.S. App. LEXIS 19661, at *1-2 (6th Cir. July 16, 2018); *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003).

Here, Petitioner has not availed herself of the administrative remedies available to her. Petitioner did not submit a request for a bond hearing until March 6, 2026 (*see* Exhibit 1). Her Bond Hearing before an immigration judge is scheduled for March 16, 2026 (*see* Exhibit 3). By regulation, the BIA has authority to review immigration judge's custody determinations. *See* 8 C.F.R. §§ 1003.1(b)(7), 1003.19(f), 1003.38, 1236.1(d)(3). Petitioner does not have a final administrative bond order. She was detained on March 4, 2026, in Davidson County, Tennessee. (*See* D.E. 9-2, PageID#: 45-49). Petitioner, in the removal process, is now being held in the Etowah County Jail pending her bond hearing. (*Id.*)

**B.     8 U.S.C. § 1252(g) bars review of Petitioner's claim[s].**

Section 1252(g) categorically bars jurisdiction over "*any* cause or claim by or on behalf of any alien *arising from* the decision or action by the Secretary of Homeland Security to *commence proceedings*, adjudicate cases, or execute removal orders against any alien." 8 U.S.C. § 1252(g) (emphasis added). The Secretary of Homeland Security's decision to *commence removal proceedings*, including the decision to detain an alien pending such removal proceedings, squarely falls within this jurisdictional bar. In other words, detention clearly "aris[es] from" the decision to commence removal proceedings against an alien. *See Alvarez v. U.S. Immigr. & Customs Enf't*,

818 F.3d 1194, 1203 (11th Cir. 2016) ("By its plain terms, [§ 1252(g)] bars us from questioning ICE's discretionary decisions to commence removal" and also to review "ICE's decision to take [plaintiff] into custody and to detain him during removal proceedings"); *Tazu v. Att'y Gen. United States*, 975 F.3d 292, 298 (3d Cir. 2020) ("The text of § 1252(g)... strips us of jurisdiction to review... [T]o perform or complete a removal, the [Secretary of Homeland Security] must exercise [her] discretionary power to detain an alien for a few days. That detention does not fall within some other part of the deportation process.") (cleaned up) (internal quotations and citations omitted); *Valencia-Mejia v. United States*, No. CV 08–2943 CAS (PJWX), 2008 WL 4286979, at *4 (C.D. Cal. Sept. 15, 2008) ("The decision to detain plaintiff until his hearing before the Immigration Judge *arose from* this decision to commence proceedings[.]") (emphasis added); *Wang v. United States*, No. CV 10-0389 SVW (RCX), 2010 WL 11463156, at *6 (C.D. Cal. Aug. 18, 2010) (citing *Khorrami v. Rolince*, 493 F. Supp. 2d 1061 (N.D. Ill. 2007) ("[Plaintiff's] detention necessarily *arises from* the decision to initiate removal proceedings against him.") (emphasis added); *Herrera-Correra v. United States*, No. CV 08-2941 DSF (JCX), 2008 WL 11336833, at *3 (C.D. Cal. Sept. 11, 2008) (citing *Sissoko v. Rocha*, 509 F.3d 947, 949 (9th Cir. 2007) ("The [Secretary] may arrest the alien against whom proceedings are commenced and detain that individual until the conclusion of those proceedings. ... Thus, an alien's detention throughout this process *arises from* the [Secretary]'s decision to commence proceedings[]" and review of claims arising from such detention is barred under § 1252(g)) (emphasis added). *See Hernandez Torrealba v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-01621, 2025 WL 2444114, at *8 (N.D. Ohio Aug. 25, 2025) (applying the Ninth Circuit's test for prudential exhaustion). Put in the Supreme Court's words, detention pending removal is a "specification" of the decision to commence proceedings. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 485

n.9 (1999) ("§ 1252(g) covers" a "specification of the decision to 'commence proceedings'"). As such, judicial review of the Petitioner's claim[s] is barred by § 1252(g).

This Honorable Court has stated that "although the court may not review discretionary decisions made by immigration authorities, it may review immigration-related detentions to determine if they comport with the demands of the Constitution." *Azalyar v. Raycraft*, No. 1:25-CV-916, 2026 WL 30741, at *2 (S.D. Ohio Jan. 2, 2026) (quoting *Deng Chol A. v. Barr*, 455 F.Supp.3d 896, 901 (D. Minn. 2020) (citing *Zadvydas v. Davis*, 533 U.S. 678, (2001)). Here, there is no violation of the Constitution or any laws of the United States. A valid arrest warrant was issued, and Petitioner is detained because of her failure to abide by the laws of the United States. Regulations have long been in place to "safeguard against unlawful detention." *See Arias v. Rogers*, 676 F.2d 1139, 1143 (7th Cir. 1982) (internal citations omitted). Petitioner is not detained unlawfully.

### C. The Court Lacks Jurisdiction under the Declaratory Judgment Act.

Plaintiff also brings her suit under the Declaratory Judgment Act. (D.E. 14). However, this act does not create an independent basis for federal jurisdiction—instead it provides an additional remedy where the court already has jurisdiction. *Mayer v. Ordman*, 391 F.2d 889, 892 (6th Cir. 1968); *Nagle v. Jaddou*, 751 F. Supp. 3d 501, *7 (E.D. Pa. 2024) (dismissing claims against USCIS under the Declaratory Judgment Act where the court found that it lacked subject matter jurisdiction under the APA because there was no final agency action where the application at issue was still pending). A federal court must already have jurisdiction under another federal statute in order to invoke the Declaratory Judgment Act. *Toledo v. Jackson*, 485 F.3d 836, 839 (6th Cir. 2007).

7

Specifically, where 1252(g) bars a district court's subject matter jurisdiction over Petitioner's relief, the Declaratory Judgment Act will not confer jurisdiction. *Abdugoniev v. Bondi*, No. 1:25-CV-133, 2025 WL 2772934 (S.D. Ohio Sept. 26, 2025).

### D. Petitioner Is Properly Detained During The Removal Proceeding

Section 1226(a) provides that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." It further provides that, absent an exception not applicable here,[4] the Attorney General:

(1) *may* continue to detain the arrested alien; and

(2) *may* release the alien on--

    (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

    (B) conditional parole[5]; . . . .

Section 1226(a) (emphasis added).

A noncitizen not subject to mandatory detention may, at any time during their removal proceedings, request a bond redetermination hearing before an immigration judge. 8 C.F.R. §§ 236.1(d), 1236.1(d)(1), 1003.19. Neither § 1226(a) nor the applicable regulations confer on a noncitizen the right to release on bond. *See Matter of D-J-*, 23 I. & N. Dec. 572, 575 (A.G. 2003) (*citing Carlson v. Landon*, 342 U.S. 524, 534 (1952)). A noncitizen requesting a redetermination of their custody status under § 1226(a) "must establish to the satisfaction of the [i]mmigration [j]udge and the [BIA] that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight." *Matter of Siniauskas*, 27 I. & N. Dec. 207, 207 (BIA 2018) (citations omitted). The "to the satisfaction" standard is equivalent to a

---

[4] The exception at § 1226(c) mandates detention of certain aliens.
[5] Conditional parole under § 1226(a) is distinct from parole under 8 U.S.C. § 1182(d)(5)(A). *See Ortega-Cervantes v. Gonzalez*, 501 F.3d 1111, 1116 (9th Cir. 2007).

preponderance of the evidence standard. *See Matter of Barreiros*, 10 I. & N. Dec. 536, 537 (BIA 1964).

The detainee may be represented by counsel and can submit evidence in support of their claims. *See* 8 C.F.R. § 1003.19(b); *Matter of Fatahi*, 26 I. & N. Dec. 791, 792 (BIA 2016). Additionally, the detainee may request an additional bond hearing whenever they experience a material change in circumstances. *See* 8 C.F.R. § 1003.19(e). The same procedures apply to this new hearing, and its outcome is also appealable to the BIA. *See generally id.* § 1003.19.

Here, Petitioner was properly detained pursuant to INA § 236. She has requested a bond hearing and that request is scheduled for March 16, 2026 (*see* Exhibit 1; *see also* Exhibit 3). She has the responsibility of submitting her case before the Immigration Court who can properly determine in the first instance whether to grant Petitioner a bond. *See Gomes v. Hyde*, 804 F. Supp. 3d 265, *8-9 (D. Mass. 2025) ("The Court . . . agrees with the government that the appropriate remedy is to order the Immigration Court to conduct a new hearing at which it considers Gomes' eligibility for bond under § 1226(a). . . . The First Circuit routinely orders this remedy in cases where it has concluded that a noncitizen detained under § 1226(a) was denied bond because the Immigration Court failed to apply the correct legal standards."); *Doe v. Moniz*, 800 F. Supp. 3d 203, *11 (D. Mass. 2025) ("Petitioner must be provided a bond hearing. Any decision to retain Petitioner in custody following the bond period shall set forth the reasons for the continued detention.").

"Congress has repeatedly shown that it considers immigration enforcement—even against otherwise non-criminal [noncitizen]s—to be a vital public interest." *Miranda v. Garland*, 34 F.4th 338, 364 (4th Cir. 2022). It is thus clear that, in the removal process, "the government interest includes detention." *Id.* And the Supreme Court has stated removal proceedings "would be vain

if those accused could not be held in custody pending the inquiry into their true character." *Wong Wing v. United States*, 163 U.S. 228, 235 (1896). At Petitioner's scheduled bond hearing, if she so chooses, she can present her argument as she sets forth in her Amended Petition, as well as all of her attached exhibits she claims support her position. However, regarding this Amended Petition, Respondents assert this Court is without jurisdiction to entertain such and it should be denied.

       **E.**       **There Is No Due Process Violation.**

The Supreme Court has confirmed that statutes denying bond during removal proceedings do not violate due process when such proceedings have a definite end point. *See Demore v. Kim*, 538 U.S. 510, 531 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process."); *see also Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (even after alien is ordered removed and detention may be indefinite, detaining him for up to 6 months is presumptively valid).

Here, Petitioner cannot submit any evidence that she is being detained for any purpose beyond the resolution of her removal proceedings, or that she might be detained any longer than it might take to effect her removal if she loses before the immigration judge. *Cf. Chaviano v. Bondi*, No. 25-22451, 2025 WL 1744349, at *8 (S.D. Fla. June 23, 2025) (appeal filed) (noting how hearings before an immigration court and opportunities for credible-fear interviews, together with a one-month detention, were not a sufficient basis for finding a due process violation, particularly where "detention, even for far longer periods, pending immigration proceedings" did not violate due process). At this point, she has been given notice of the charges against her, has access to counsel, who may attend hearings with an immigration judge, can request bond at that time, and has the right to appeal the denial of any request for bond. *See* 8 U.S.C. § 1362. Petitioner's dissatisfaction with the removal process or procedures provided to her by Congress does not make

those procedures constitutionally deficient. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, at 138-40 (2020). Therefore, the Court should reject Petitioner's due process claim.

### F. There is no Fourth Amendment Violation

Petitioner claims her detention violates her Fourth Amendment protection against unreasonable seizure due to a warrantless arrest. (D.E. 14). It cannot be disputed that a valid arrest warrant was issued on March 2, 2026 (D.E. 9-1, PageID#: 43), because Petitioner is undocumented and has remained undocumented since 2021. This was a valid arrest; despite Petitioner's newfound argument that service was not proper. Here, there is no Fourth Amendment, or any other violation. The mere fact that Petitioner just wants her freedom and is dissatisfied with the existing laws of the United States is not sufficient to establish jurisdiction in this court. *See Arias*, 676 F.2d 1139. Here, the Petitioner was arrested pursuant to a valid arrest warrant, taken into custody, advised of her rights which included the right to apply immediately to an immigration judge for release from custody and the right to appeal to the Board of Immigration Appeals from any adverse decision. Her Fourth Amendment claim must fail.

Petitioner has failed to adequately articulate why her arrest was unlawful. Instead, she continues to change her argument among her filings. First, in her original Petition filed on March 4, 2026, she contended the arrest was an unlawful warrantless arrest due to the lack of the existence of a warrant. (D.E. 1, PageID#: 6). Two days later in her Reply to Respondents' Preliminary Response, she argued the arrest was warrantless because it was not properly served to her. (D.E. 10, PageID#: 53).[6] Two days after submitting her Reply she filed her Amended Petition and again

---

[6] To support this argument, Petitioner conflates the Fed. R. Crim. P. with the statutes and regulations governing immigration removal proceedings. (D.E. 10, PageID#: 53). Petitioner averred that the officer was required to show her the arrest warrant at the time of the arrest and, in support of this claim, cited to Fed. R. Crim. P. 4(c)(3)(A). Showing a detainee the arrest warrant

11
Case 3:26-cv-00247    Document 18    Filed 03/12/26    Page 11 of 14 PageID #: 121

those procedures constitutionally deficient. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, at 138-40 (2020). Therefore, the Court should reject Petitioner's due process claim.

### F. There is no Fourth Amendment Violation

Petitioner claims her detention violates her Fourth Amendment protection against unreasonable seizure due to a warrantless arrest. (D.E. 14). It cannot be disputed that a valid arrest warrant was issued on March 2, 2026 (D.E. 9-1, PageID#: 43), because Petitioner is undocumented and has remained undocumented since 2021. This was a valid arrest; despite Petitioner's newfound argument that service was not proper. Here, there is no Fourth Amendment, or any other violation. The mere fact that Petitioner just wants her freedom and is dissatisfied with the existing laws of the United States is not sufficient to establish jurisdiction in this court. *See Arias*, 676 F.2d 1139. Here, the Petitioner was arrested pursuant to a valid arrest warrant, taken into custody, advised of her rights which included the right to apply immediately to an immigration judge for release from custody and the right to appeal to the Board of Immigration Appeals from any adverse decision. Her Fourth Amendment claim must fail.

Petitioner has failed to adequately articulate why her arrest was unlawful. Instead, she continues to change her argument among her filings. First, in her original Petition filed on March 4, 2026, she contended the arrest was an unlawful warrantless arrest due to the lack of the existence of a warrant. (D.E. 1, PageID#: 6). Two days later in her Reply to Respondents' Preliminary Response, she argued the arrest was warrantless because it was not properly served to her. (D.E. 10, PageID#: 53).[6] Two days after submitting her Reply she filed her Amended Petition and again

---

[6] To support this argument, Petitioner conflates the Fed. R. Crim. P. with the statutes and regulations governing immigration removal proceedings. (D.E. 10, PageID#: 53). Petitioner averred that the officer was required to show her the arrest warrant at the time of the arrest and, in support of this claim, cited to Fed. R. Crim. P. 4(c)(3)(A). Showing a detainee the arrest warrant

claimed she was subjected to an unlawful warrantless arrest on the grounds that there was no warrant. (D.E. 14, PageID#: 72). Thus, within the course of four days, Petitioner has changed her grievance against Respondents at least twice.

### G. There is no First Amendment Violation.

Petitioner cannot dispute that she was in this country illegally at the time of her arrest and placed in removal proceedings. Petitioner's claim that her arrest was based on a violation of First Amendment rights, which may not even be applicable to an illegal alien, and hostility directed at her as a journalist is nothing more than a challenge to a discretionary decision to commence removal proceedings. (D.E. 14, PageID#: 75-76). Merely making reference in her Amended Petition to constitutional violations without substance does not overcome that this Court is without jurisdiction. *Zundel v. Gonzales*, 230 F. Appx 468 (6th Cir. 2007). Petitioner's First Amendment claim must also fail.

## CONCLUSION

Pursuant to 8 C.F.R. § 287.5(c), (e)(2), immigration officials have the authority to issue arrest warrants. On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. 8 U.S.C.

---

is not a requirement when an officer arrests an illegal alien for deportation. 8 C.F.R. § 287.8(c). The federal regulations require that at the time of the arrest, the designated immigration officer shall, as soon as it is practical and safe to do so: (A) Identify himself or herself as an immigration officer who is authorized to execute an arrest; and (B) State that the person is under arrest and the reason for the arrest. *Id.* Petitioner then attempts to circumvent this by applying the Fed. R. Crim. P. to an immigration arrest. But the Fed. R. Crim. P. does not apply to immigration proceedings. The United States Supreme Court has held that a deportation proceeding is a purely civil action to determine eligibility to remain in this country, and therefore, various protections that apply in the context of a criminal trial do not apply in a deportation proceeding. *See Immigration & Naturalization Service v. Lopez-Mendoza*, 468 U.S. 1032, 1038 (1984). Fed. R. Crim. P. defines its scope to only apply to criminal proceedings. Fed. R. Crim. P. 1(a)(1). Therefore, the Fed. R. Crim. P. does not apply to immigration removal proceedings, *Zamarripa-Castaneda v. Barr*, 831 Fed. Appx. 910, 918 (10th Cir. 2020), and Petitioner's argument under this theory fails.

§ 1226(a). Respondents submit that Petitioner's arrest and detention are not in violation of any laws or regulations. Petitioner should not be released pending her scheduled bond hearing and there is no basis to enjoin Respondents from continuing lawful removal action against an illegal alien.

Therefore, based on the above, Respondents ask that Petitioner's Amended Petition be denied.

>Respectfully submitted,
>
>BRADEN H. BOUCEK
>United States Attorney
>Middle District of Tennessee
>
>s/ Mercedes C. Maynor
>MERCEDES C. MAYNOR, BPR #013330
>Assistant United States Attorney
>719 Church Street, Suite 3300
>Nashville, TN 37203
>Telephone: (615) 736-5151
>mercedes.maynor@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2026, a copy of the foregoing was filed electronically. A copy will be sent to the following, if registered, by operation of the Court's electronic filing system. If not registered, a copy was sent by United States First Class Mail, postage prepaid, to the following:

| Joel Hugh Coxander<br>MIRA Legal<br>486 Bell Road, Suite B<br>Nashville, TN 37217 | Julio Quiroz Colby<br>Tennessee Immigrant & Refugee Rights Coalition<br>3310 Ezell Road<br>Nashville, TN 37211 |
|---|---|
| Michael C Holley<br>The Law Office of Michael C. Holley<br>922 Main Street, Suite C-161<br>Nashville, TN 37206 | |

s/ Mercedes C. Maynor
MERCEDES C. MAYNOR
Assistant United States Attorney
