IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ESTEFANY MARIA RODRIGUEZ FLOREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:26-cv-00247 |
| Scott LADWIG, Field Office Director of | ) | Judge Richardson |
| Enforcement and Removal Operations, New | ) | Magistrate Judge Holmes |
| Orleans Field Office, Immigration and | ) | |
| Customs Enforcement; Kristi NOEM, | ) | |
| Secretary, U.S. Department of Homeland | ) | |
| Security; DEPARTMENT OF HOMELAND | ) | |
| SECURITY; ICE ENFORCEMENT & | ) | |
| REMOVAL OPERATIONS, Nashville Field | ) | |
| Office., | ) | |
| | ) | |
| Defendants. | ) | |

## RESPONDENTS' SUR-REPLY TO PETITIONER'S REPLY TO RESPONDENTS' RESPONSE TO ORDER SHOW-CAUSE ORDER

Respondents, by and through the United States Attorney, and the undersigned Assistant United States Attorney, hereby submit this Sur-reply to Petitioner's Reply to Respondents' Response to Order Show-Cause Order. (D.E. 20; D.E. 22).

Respondents submit that Petitioner incorrectly represents in her Reply that Petitioner, an unlawful alien, clearly has First Amendment rights. (D.E. 20). Disingenuously, the Petitioner does not set forth the complete statement regarding aliens. Petitioner cites *OPAWL* for the proposition that "permanent aliens have First Amendment rights," but removes the first word of the sentence. Specifically, in *OPAWL*, a case about lawful permanent residents, the Petitioner's quote is not complete. The full quote is:

> "Lawful permanent residents have First Amendment rights. The Supreme Court has long held that "[f]reedom of speech and of press is accorded aliens residing in this country."

(quoting *Bridges v. Wixon*, 326 U.S. 135, 148 (1945). *OPAWL v. Yost*, 118 F.4th 770, 776 (6th Cir. 2024). (emphasis added).

Petitioner is not a lawful permanent resident, and thus *OPAWL* is inapplicable.

Petitioner cites no authority that the United States Supreme Court has ever explicitly ruled that undocumented immigrants or illegal aliens have protections under the First Amendment. Neither history nor precedent indicates that the First Amendment definitively applies to illegal aliens.

Petitioner's claim of unlawful seizure or arrest fails. Respondents correctly followed the statutes and regulations regarding arrest warrants. Petitioner's arrest and detention was in accordance with the laws set forth by Congress long ago, and as set forth in the Show Cause Response (D.E. 18). There was no Fourth Amendment violation.

Petitioner's claim of a violation of due process under the Fifth Amendment also fails. As mentioned above, she was arrested, lawfully detained, and afforded any due process provided under the laws and regulations related to undocumented aliens. Pursuant to her proper request filed for a redetermination hearing, a hearing was held on March 16, 2026. She was granted a bond. There is no due process violation. (D.E. 18-3, PageID#: 137).

Petitioner's assertions that Respondents' position fails because there was no affidavit submitted or because she was subsequently arrested after her husband appeared at the ICE field office without her presence does not substantiate any constitutional violation.

Additionally, in Petitioner's response she refers to the detention facility and the conditions of her confinement. If the Petitioner seeks to challenge the conditions of her confinement she must do so through a civil rights action, and not a Writ of Habeas Corpus.

2

Finally, Petitioner is asking the Court to enjoin the Respondents from doing their job; however, Petitioner, while on bond, is certainly to be treated like any other individual who must abide by the conditions of bond release.

Therefore, based on the above, and the Respondents' Show Cause Response, Respondents ask that Petitioner's Amended Petition be denied.

Respectfully submitted,

BRADEN H. BOUCEK
United States Attorney
Middle District of Tennessee

s/ Mercedes C. Maynor
MERCEDES C. MAYNOR, BPR #013330
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, TN  37203
Telephone: (615) 736-5151
mercedes.maynor@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2026, a copy of the foregoing was filed electronically. A copy will be sent to the following, if registered, by operation of the Court's electronic filing system. If not registered, a copy was sent by United States First Class Mail, postage prepaid, to the following:

| | |
|---|---|
| Joel Hugh Coxander<br>MIRA Legal<br>486 Bell Road, Suite B<br>Nashville, TN 37217 | Julio Quiroz Colby<br>Tennessee Immigrant & Refugee Rights Coalition<br>3310 Ezell Road<br>Nashville, TN 37211 |
| Michael C Holley<br>The Law Office of Michael C. Holley<br>922 Main Street, Suite C-161<br>Nashville, TN 37206 | |

s/ Mercedes C. Maynor
MERCEDES C. MAYNOR
Assistant United States Attorney