IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ESTEFANY MARIA RODRIGUEZ FLOREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:26-cv-00247 |
| Scott LADWIG, Field Office Director of | ) | Judge Richardson |
| Enforcement and Removal Operations, New | ) | Magistrate Judge Holmes |
| Orleans Field Office, Immigration and | ) | |
| Customs Enforcement; Kristi NOEM, | ) | |
| Secretary, U.S. Department of Homeland | ) | |
| Security; DEPARTMENT OF HOMELAND | ) | |
| SECURITY; ICE ENFORCEMENT & | ) | |
| REMOVAL OPERATIONS, Nashville Field | ) | |
| Office., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS**

Respondents, by and through the United States Attorney, and the undersigned Assistant United States Attorney, hereby submit this Memorandum in Support of Its Motion to Dismiss Petitioner's First Amended Petition for Writ of Habeas Corpus (D.E. 14) pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[1]

## I.    INTRODUCTION

Petitioner, on March 4, 2026, filed her original Petition that included in the heading "Emergency," and alleged that she was taken into custody without a warrant. (D.E. 1). On March 8, 2026, she filed a First Amended Petition for Writ of Habeas Corpus and added a First Amendment violation claim. (D.E. 14). In her Amended Petition, she asks this Court to issue a

---

[1] Given the order issued by the Immigration Court regarding bond on March 16, 2026, Respondent states a motion to dismiss is appropriate due to mootness and failure to state a claim." (*See* Exhibit A, Order of the Immigration Judge)

Writ of Habeas Corpus for immediate release and enjoin Respondents from taking any enforcement action against her. Petitioner claims that Respondents' arrest and detention violate her First, Fourth and Fifth Amendment Rights.

Respondents submit that Petitioner was arrested pursuant to a valid arrest warrant and was lawfully detained as is set forth in detail in Respondent's Show Cause Response. (D.E. 18).

Considering the outcome of the bond hearing held yesterday, Respondents submit that the Court should dismiss Petitioner's Amended Petition for two reasons. First, the Court lacks subject matter jurisdiction under Rule 12(b)(1) because there is no case or controversy under Article III as the case is now moot or otherwise not redressable.

Second, the Amended Petition fails to state a claim pursuant to Rule 12(b)(6). Petitioner's Amended Petition has not alleged facts sufficient to state a plausible claim for relief because the issues raised in this instant Amended Petition are not properly before this Court. Thus, even if jurisdiction over Petitioner's claims were proper, the Amended Petition should nonetheless be dismissed under Rule 12(b)(6).

## II.   <u>BACKGROUND</u>

Petitioner is a citizen of Columbia. On March 10, 2021, she entered the United States on a valid B2 visa, being authorized to stay until September 9, 2021. (D.E. 9-2, PageID#: 47). Since 2021, she has remained unlawfully in the United States beyond her authorized stay without obtaining any paperwork allowing her to remain in the United States. (*Id.*)

On January 8, 2026, a G-56 letter to report was issued to Petitioner directing her to report on January 26, 2026, to the Nashville ICE Field Office. (D.E. 1-1, PageID#: 9). On January 21, 2026, Petitioner married a United States Citizen. (D.E. 9-2, PageID#: 48). On February 10, 2026, another G-56 letter to report was issued to Petitioner directing her to report on February 25, 2026.

2

(D.E. 1-1, PageID#: 10).  When she failed to report, a warrant for her arrest was issued on March 2, 2026, and executed on March 4, 2026.  (D.E. 9-2).

Also, on March 4, 2026, the day of her arrest, she was processed, provided a Notice of Rights and Advisals, a Notice to Appear, and a Warrant for Arrest that certified the date and basis of her arrest.  (*See* D.E. 9-3, PageID#: 51; D.E. 18-2, PageID#: 133-135; D.E. 15-1, PageID#: 101).  The arrest warrant clearly marked the cause of her arrest.  (*Id.*)  At the time of arrest, Petitioner's authorization to stay in the United States on her B2 visa was expired and she was in the United States illegally.  She was originally detained in the Etowah County Jail; however, she was transferred and  lawfully detained in Oakdale Detention Center in Louisiana.

On March 4, 2026, Petitioner filed her original petition for Writ of Habeas Corpus.  She alleged that she was unlawfully detained in violation of the Fourth and Fifth amendments.  (D.E. 1).  On March 6, 2026, Petitioner filed a request for a bond hearing just prior to the filing of Respondents  preliminary response to the "Emergency" Petition for Writ of Habeas Corpus.  (D.E. 9; D.E. 18-1, PageID#: 126-131).  Then on March 8, 2026, she filed an Amended Petition and claimed that she was subjected to a "warrantless arrest, and also claimed violations of the First, Fourth and Fifth Amendments.  In the Amended Petition, she asked this Court to enjoin Respondents from taking any enforcement action against her.  (D.E. 14).

On March 12, 2026, Respondents filed a Show-Cause Response.  (D.E. 18).  On March 16, 2026, the Bond Redetermination hearing was held, and the Immigration Judge issued a decision that granted Petitioner release from custody under bond of $10,000.  (*See* Exhibit A).

Respondents state this Court is without jurisdiction because Petitioner's claims as to unlawful detention, the underlying basis for the filing of her Writ of Habeas Corpus, are now moot. Therefore, this Amended Petition must be dismissed.

### III. <u>STANDARD OF REVIEW</u>

**A.      Dismissal Pursuant To Fed. R. Civ. P. 12(b)(1)**

Where subject-matter jurisdiction is challenged pursuant to Fed. R. Civ. P. 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990); *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986). Plaintiff's burden of pleading and proving the existence of subject matter jurisdiction is well established. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182, 189 (1936). Federal courts are courts of limited jurisdiction; their jurisdiction cannot be presumed but must be affirmatively and positively pled. *Norton v. Larney*, 266 U.S. 511, 515 (1925). This burden is a particularly heavy one when the object of plaintiff's suit is the sovereign, because the "United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). "It is axiomatic that Congressional waiver of sovereign immunity is a prerequisite to any suit brought against the United States . . . ." *Roberts v. United States*, 498 F.2d 520, 525 (9th Cir. 1974).

Waivers of sovereign immunity cannot be implied but must be unequivocally expressed. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). In addition, such statutory waivers, "are to be construed strictly in favor of the sovereign." *McMahon v. United States*, 342 U.S. 25, 27 (1951) (footnote omitted). Unless sovereign immunity is explicitly waived, or does not apply, it bars equitable as well as legal remedies against the United States. *See Malone v. Bowdoin*, 369 U.S. 643, 645 (1962); *Army & Air Force Exch. Serv. v. Sheehan*, 456 U.S. 728, 735 (1982).

The court's inquiry under a 12(b)(1) motion is not limited to the content of the complaint. Instead, the court is empowered to resolve factual disputes when subject matter jurisdiction is challenged. *Moir*, 895 F.2d at 269; *Rogers*, 798 F.2d at 918. Where the defendant moves for dismissal based on both Rule 12(b)(1) and 12(b)(6), the court is bound to consider the 12(b)(1) motion first, since the 12(b)(6) motion becomes moot if the court lacks subject matter jurisdiction. *Moir*, 895 F.2d at 269.

The jurisdiction of the federal courts is limited to actual cases and controversies. U.S. Const. art. III, § 2. To establish constitutional standing under Article III, plaintiff must satisfy three elements: (1) an injury in fact, (2) a causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Moreover, because Article III standing requires actual cases or controversies, mootness is a threshold jurisdictional issue. *Mwasaru v. Napolitano*, 619 F.3d 545, 549 (6th Cir. 2010). In determining mootness, the court considers "whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Id*. (citations and internal quotation marks omitted). In *Mwasaru*, the court found that a petition for mandamus was moot because the petitioner became statutorily ineligible for the visa category that she applied for. *Id*. at 553. As a result, the court found that it lacked jurisdiction and dismissed the appeal. *Id*.

**B.       Dismissal Pursuant To Fed. R. Civ. P. Rule 12(b)(6)**

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *See also Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). In

5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court held that, although a complaint need not plead "detailed factual allegations," the allegations must be enough to raise a right to relief above the speculative level. *Id.* at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court further expounded on the "two working principles" that underlie the *Twombly* decision. *Id.* at 678. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim under the federal rules. *Id.* Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

### IV.    <u>ARGUMENT</u>

**A.    Petitioner's Request To This Court For Release During Her Removal Proceeding Is Now Moot.**

Petitioner, an illegal alien, was arrested, detained, and placed in removal proceedings, pursuant to a valid arrest warrant. Her continued reference to an asylum application or work permit (D.E. 14) does not negate the fact that she remains an undocumented alien and was lawfully detained pending a bond hearing by an Immigration Judge during her removal proceedings. Pursuant to her request for a bond redetermination hearing, the Immigration Judge, on March 16, 2026, released Petitioner from custody under a bond of $10,000.00. (*See* Exhibit A). Now that

6

the issue of detention is resolved, Petitioner is improperly using a Writ of Habeas Corpus to pursue her unsubstantiated constitutional claims before this Court.

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). The traditional function of the writ is to seek one's release from unlawful detention. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Section 1226 "generally governs the process of arresting and detaining . . . aliens pending their removal." *Jennings v. Rodriguez*, 138 S. Ct. 830, 837 (2018). Section 1226(a) provides that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). The Attorney General and the Department of Homeland Security ("DHS") thus have broad discretionary authority to detain a noncitizen during removal proceedings. *See* 8 U.S.C. § 1226(a)(1) (DHS "may continue to detain the arrested alien" during the pendency of removal proceedings); *Nielsen v. Preap*, 139 S. Ct. 954, 966 (2019) (highlighting that "subsection (a) creates authority for *anyone's* arrest or release under § 1226—and it gives the Secretary broad discretion as to both actions").

When a noncitizen is apprehended, a DHS officer makes an initial custody determination. *See* 8 C.F.R. § 236.1(c)(8). DHS "may continue to detain the arrested alien." 8 U.S.C. § 1226(a)(1). "To secure release, the alien must show that he does not pose a danger to the community and that he is likely to appear for future proceedings." *Johnson v. Guzman Chavez*, 141 S. Ct. 2271, 2280-81 (2021) (citing 8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8); *Matter of Adeniji*, 22 I. & N. Dec. 1102, 1113 (BIA 1999)).

If DHS decides to release the noncitizen, it may set a bond or place other conditions on release. *See* 8 U.S.C. § 1226(a)(2); 8 C.F.R. § 236.1(c)(8). If DHS determines that a noncitizen should remain detained during the pendency of his removal proceedings, the noncitizen may

request a bond hearing before an immigration judge.  *See* 8 C.F.R. §§ 236.1(d)(1), 1003.19, 1236.1(d).  The immigration judge then conducts a bond hearing and decides whether to release the noncitizen, based on a variety of factors that account for the noncitizen's ties to the United States and evaluate whether the noncitizen poses a flight risk or danger to the community.  *See Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006); *see also* 8 C.F.R. § 1003.19(d) ("The determination of the Immigration Judge as to custody status or bond may be based upon any information that is available to the Immigration Judge or that is presented to him or her by the alien or [DHS].").

Section 1226(a) does not provide a noncitizen with a right to release on bond.  *See Matter of D-J-*, 23 I. & N. Dec. at 575 (citing *Carlson*, 342 U.S. at 534).  Nor does § 1226(a) explicitly address the burden of proof that should apply or any particular factor that must be considered in bond hearings. Rather, it grants DHS and the Attorney General broad discretionary authority to determine whether to detain or release a noncitizen during his removal proceedings.  *See id*.  If, after the bond hearing, either party disagrees with the decision of the immigration judge, that party may appeal that decision to the BIA.  *See* 8 C.F.R. §§ 236.1(d)(3), 1003.19(f), 1003.38, 1236.1(d)(3).

Here, Petitioner was arrested on March 4, 2026.  (D.E. 9-1, PageID#: 43; D.E. 9-2, PageID#: 45-49).  She did not request bond until March 6, 2026.  (D.E. 18-1, PageID#: 126-131). Then on March 9, 2026, pursuant to her request, a bond redetermination hearing was scheduled. (D.E. 18-3, PageID#: 137).  On March 16, 2026, the Bond Redetermination hearing was held, and the Immigration Judge issued a decision that granted Petitioner release from custody under bond of $10,000.  (*See* Exhibit A).  Therefore, Petitioner's claim of relief from this Court seeking release is now moot.

This case should be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(1) because there is no case or controversy under Article III as the case is now moot or otherwise not redressable. *See Mwasaru*, 619 F.3d at 549. This Court is unable to grant a relief that would make a difference to the legal interests of the parties because section 1252(g) categorically bars jurisdiction over "*any cause or claim by or on behalf of any alien arising from* the decision or action by the Secretary of Homeland Security to *commence proceedings*, adjudicate cases, or execute removal orders against any alien." 8 U.S.C. § 1252(g) (emphasis added). As a result, this court lacks subject matter jurisdiction and should dismiss the petition.

Alternatively, this case should be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(6) because Petitioner has failed to state a claim upon which relief can be granted. In Petitioner's Amended Petition, she also claimed that she was detained in violation of the First, Fourth and Fifth Amendments. (D.E. 14). Petitioner fails to state a claim upon which relief can be granted in the filing of a Writ for Habeas Corpus, and the Amended Petition should be dismissed. *See Twombly*, 550 U.S. at 555.

Each of Petitioner's constitutional claims stem directly from her dissatisfaction that she was arrested and detained pursuant to the statutes and regulations of the United States set out by Congress in 8 U.S.C. § 1226(a). Her claims, regardless of how they are styled, challenge the United States decision to remove her and she cannot shortcut that process, not even through this habeas. As mentioned above, the purpose of a habeas writ is to seek release from unlawful detention. There is no unlawful detention here. Petitioner was granted a bond after she complied with the proper statutes and procedures in making her request for bond. (*See* Exhibit A; *see also* D.E. 18-1, PageID#: 126-131).

The constitutional claims Petitioner now raise in her habeas writ such as retaliatory arrest

and detention are claims not properly brought in a habeas.  8 U.S.C. § 1252(g) prohibits judicial review of "any cause or claim" that arises from the commencement of removal proceedings, this provision applies to constitutional as well as statutory claims.  *See, e.g.*, *Tazu*, 975 F.3d at 296-98 (holding that any constitutional claims must be brought in a petition for review, not a separate district court action); *Elgharib v. Napolitano*, 600 F.3d 597, 602–04 (6th Cir. 2010) (noting that "a natural reading of 'any other provision of law (statutory or nonstatutory)' includes the U.S. Constitution" and finding additional support for the court's interpretation from the remainder of the statute).  Indeed, the Second Circuit explained, "[w]hile the statute creates an exception for 'constitutional claim or questions of law,' jurisdiction to review such claims is vested exclusively in the courts of appeals and can be exercised only after the alien has exhausted administrative remedies."  *Ajlani v. Chertoff*, 545 F.3d 229, 235 (2d Cir. 2008) (internal citations omitted); *see also id.* ("Accordingly, the district court lacked jurisdiction to review Ajlani's constitutional challenges to his removal proceedings, and it would be premature for this court to do so now."); 8 U.S.C. § 1252(a)(2)(D).

As mentioned above, the issue of detention is resolved and is now moot.  This Court is not the proper venue for Petitioner's constitutional claims as this Court is without jurisdiction.

## V. <u>CONCLUSION</u>

Because the Court no longer has subject matter jurisdiction and Petitioner has otherwise failed to state a claim upon which relief can be granted, Respondents respectfully request this Court dismiss Petitioner's Amended Petition in its entirety with prejudice.

Respectfully submitted,

BRADEN H. BOUCEK
United States Attorney
Middle District of Tennessee

By: <u>s/ Mercedes C. Maynor</u>
MERCEDES C. MAYNOR, B.P.R. # 013330
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, TN 37203
Telephone: (615) 736-5151
mercedes.maynor@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2026, a copy of the foregoing was filed electronically. A copy will be sent to the following, if registered, by operation of the Court's electronic filing system. If not registered, a copy was sent by United States First Class Mail, postage prepaid, to the following:

| | |
|---|---|
| Joel Hugh Coxander<br>MIRA Legal<br>486 Bell Road, Suite B<br>Nashville, TN 37217 | Julio Quiroz Colby<br>Spring A. Miller<br>Tennessee Immigrant & Refugee<br>Rights Coalition<br>3310 Ezell Road<br>Nashville, TN 37211 |
| Michael C Holley<br>The Law Office of Michael C.<br>Holley<br>922 Main Street, Suite C-161<br>Nashville, TN 37206 | |

s/ Mercedes C. Maynor
MERCEDES C. MAYNOR
Assistant United States Attorney