# DECLARATION OF ESTEFANY RODRIGUEZ FLOREZ

I, Estefany Rodriguez Florez, declare and state as follows:

1. I am over the age of 18, of sound mind, and fully competent to make this declaration. I also have personal knowledge of the factual statements contained herein.

2. I reside in Nashville, Tennessee, with my eight-year-old daughter and my husband, who is a U.S. citizen. I have worked as a journalist for *Nashville Noticias* since 2022.

3. On March 4, 2026, I was detained by several agents from U.S. Immigration and Customs Enforcement (ICE) as my husband and I parked in the parking lot of a gym, just minutes after dropping my daughter off at the bus stop to go to school. The agents immediately took me into physical custody. They did not show me any paperwork or documents, and they said nothing about a warrant to arrest me.

4. I was handcuffed on the scene and placed in an ICE vehicle. While handcuffed inside the ICE vehicle, I saw the screen of the cell phone of one of the ICE agents. I saw a couple photos of the *Nashville Noticias* vehicle that I used. It appeared from their setting that these photos were not taken at the scene of my arrest.

5. At the ICE field office in Nashville, I was questioned and, to the best of my memory, was shown a Notice to Appear and an arrest warrant. I am relying on my memory of these documents because, after they were shown to me, the officer took them back. I noticed that everyone else was given a copy of their Notice to Appear and arrest warrant, but I was not given mine. Only when I arrived in Louisiana was I given documents that I believe to be the same ones presented to me in the Nashville ICE office. I have attached a copy of those documents here.

1

6. My personal property and documents—including my Colombian passport, my Colombian cédula (identity card), my Tennessee REAL ID driver's license, and my work permit—were taken from me by ICE. I was allowed to speak to my immigration lawyer, Joel Coxander, once for twenty to thirty minutes. That would be the last time I was able to talk to a lawyer until Saturday, March 14, after I had arrived in Louisiana.

7. Later on March 4, I was transported from the ICE field office to the Etowah County Jail, whose harrowing conditions I will refrain from describing for now.

8. The morning of March 5, I was taken to an airplane for transport to Louisiana. I was placed last in line for getting on the airplane. As we boarded, a guard was inspecting people's scalps, and while seeing that, my own scalp felt itchy. When it was my turn, the guard asked me if I had lice and I said I didn't think so but that I had a daughter in elementary school. The guard inspected my scalp and sent me back to the Etowah County Jail, saying I had lice.

9. At the jail, the nurse never checked me for lice, and neither did any other official. I was placed in isolation and given shampoo. A woman at the jail—another detainee—helped me comb out my hair and asked me where the lice were. I said I didn't know. I never saw any sign of lice, neither before going to the airplane nor afterwards. My daughter did not have lice before my arrest, and has not had lice since my arrest.

10. While held in isolation, I was kept in a small room, maybe 3 by 3 meters. It had one window, that one couldn't see out of unless you were standing on the bed. Although some guards would let me out to eat meals with other detainees, others did not and forced me to eat my meals in my room. I was rarely able to go out otherwise.

2

11. About three days after I arrived in Etowah, I was given a PIN for telephone calls. Supposedly with this PIN, a family member could deposit funds in an account that would allow us to speak by phone. My family deposited My PIN did not work. I complained to a guard who told me they would fix it, but they never did. I managed to call my husband during a few short breaks from isolation when a detainee let me use her PIN to call for a couple minutes.

12. After four days of isolation, a guard told me to go to the showers and strip naked. I did so. The guard brought out a liquid that said it was for "floors and bathrooms" in English and Spanish. The guard asked the other detainee who had helped me earlier to put the cleaning fluid on my head. When she did it gently, the guard got mad and ripped the cleaning fluid out of her hand and dumped it on my head. It smelled strongly and seriously stung my eyes and burned my ears. Because the comb for lice had scratched my scalp, the liquid burned it too. I asked the guard to please stop, but she didn't. The detainee who helped me said "I'm so sorry" and began to cry. The next day, after spending five days in isolation, the guards finally put another person in my cell.

13. Finally, on March 12—seven to eight days after arriving in Etowah—I was taken to an airplane again for transport to Louisiana. No one, including myself, was subjected to an inspection of their scalp for lice.

14. During the entire time in detention, I never saw any sign of lice on me, and no guard ever identified any such sign. But the claim about lice caused me a great deal of harm. It subjected me to the abusive and humiliating treatment in the shower. It meant I had to spend five days in isolation. It prolonged by many days my detention in the county jail where I could never have an attorney call and where my PIN to call my family did not

3

work. That period in the Etowah County Jail was extremely difficult, including for reasons I have not even mentioned here. I believe that the claim about lice was a pretext for subjecting me to these hardships.

15. There were several indications that ICE officials knew who I was. On the bus to the airport from Etowah on March 12, an ICE official stared at me and said, "you're the reporter from Nashville — you're good at your job." At one point in Louisiana, an ICE official looked at me and said, "you're the journalist."

16. I have also been deprived of important personal documents. When I arrived in Louisiana, I was shown a bag of my personal items (such as jewelry) and a separate bag with the documents described above, except for my Colombian passport. A detention center official asked me to inventory the items while she also indicated that the documents now belonged to ICE. When I was finally released from the ICE detention center in Louisiana on March 19, 2026, on a $10,000 bond, I was returned the personal items, but none of the documents that they had taken from me were returned.

17. Finally, I've thought about the timing of my arrest on March 4, 2026. I was the primary *Nashville Noticias* journalist reporting on ICE. Our reports got hundreds of thousands of views and thousands of likes and reposts on Facebook, Instagram, and other platforms. Although our reporting was objective, it brought light to ICE practices in our community.

18. On February 16, I went to film a live news segment at the site of an earlier ICE detention where the detained person's car had been left on the side of the road near the airport. I was in my *Nashville Noticias* car, which was also parked on the side of the road. While I was filming, a car drove slowly past, rolled down the window, and the person inside looked at me while I was filming. They would have been able to see my *Nashville*

4

*Noticias* car and that I was filming with a microphone in my hand. I believed that car was an ICE vehicle, so I cut the filming short and left the scene. My suspicions were confirmed when, maybe twenty minutes later, I received a call that an ICE officer had questioned the detained person's family when they went to pick up that car.

19. On March 3, I did a report on a number of arrests that had occurred that day across the Middle Tennessee area, including one at an apartment complex in Smyrna, just outside Nashville. That video was unique because it showed unusual conduct (transferring an individual between cars and grabbing a laptop from the trunk) and provided more insight than usual into their operations. We normally blur ICE agent faces, but this time we didn't because we couldn't do so without obstructing the video. The result was a video in which one could identify the ICE agents by face, and which showed them doing an unusual operation. That particular story got a lot of reposts. The next day, ICE arrested me.

20. Now that I have been released, I worry about being re-detained. Even before my detention, I was worried about reporting on ICE activity in the community, but as a reporter and as a member of the community, I felt a duty to do so. I won't stop being a reporter—I've wanted to do it since I was a little girl and it's in my DNA. But with the threat of re-detention hanging over me, I worry even more about reporting on ICE because I believe that reporting is what triggered my detention.

## VERIFICATION

I, Estefany Rodriguez Florez, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: March ___30___, 2026

_Estefany Rodriguez F_ (signature)
Estefany Rodriguez Florez

## TRANSLATOR'S CERTIFICATION

I, _Rayaan Bashir_ , declare under penalty of perjury under the laws of the United States that I accurately and completely translated the foregoing declaration to Estefany Rodriguez Florez in Spanish and that I am competent in English and in Spanish to render such a translation.

Dated: March ___30___, 2026

_Rayaan Bashir_ (signature)
Printed & Signed Name

6

File No _____ ■■■■■■

Date. _____ 03/04/2026

To:    Any immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations

I have determined that there is probable cause to believe that ___ RODRIGUEZ FLOREZ, ESTEFANY ___ is removable from the United States. This determination is based upon:

☐ the execution of a charging document to initiate removal proceedings against the subject;

☐ the pendency of ongoing removal proceedings against the subject;

☒ the failure to establish admissibility subsequent to deferred inspection;

☒ biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law; and/or

☒ statements made voluntarily by the subject to an immigration officer and/or other reliable evidence that affirmatively indicate the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.

**YOU ARE COMMANDED** to arrest and take into custody for removal proceedings under the Immigration and Nationality Act. the above-named alien.

_____
(Signature of Authorized Immigration Officer)

A8816 ELMASRY - SDDO
_____
(Printed Name and Title of Authorized Immigration Officer)

| Certificate of Service |
|---|
| I hereby certify that the Warrant for Arrest of Alien was served by me at ___ Nashville, TN ___ (Location) |

on ___ RODRIGUEZ FLOREZ, ESTEFANY ___ on ___ March 4, 2026 ___, and the contents of this
    (Name of Alien)                        (Date of Service)

notice were read to him or her in the ___ SPANISH ___ language.
                                          (Language)

HEATH CROUCH

Deportation Officer                               null
_____       _____
Name and Signature of Officer           Name or Number of Interpreter (if applicable)

Form I-200 (Rev. 09.16)

In removal proceedings under section 240 of the Immigration and Nationality Act:

Subject ID: 401694073                                     File No: ▓▓▓▓▓▓▓

In the Matter of:

Respondent: ESTEFANY RODRIGUEZ FLOREZ                        currently residing at:

3843 Stagg Ave Basile, LOUISIANA 705155501
(Number, street, city, state and ZIP code)                   (Area code and phone number)

[ ] You are an arriving alien.

[ ] You are an alien present in the United States who has not been admitted or paroled.

[X] You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;

2. You are a native of COLOMBIA and a citizen of COLOMBIA;

3. You were admitted to the United States at MIAMI, FL on or about March 10, 2021 as a nonimmigrant Visitor For Pleasure with authorization to remain in the United States for a temporary period not to exceed 09/09/2021;

4. You remained in the United States beyond 09/09/2021 without authorization from the Immigration and Naturalization Service or its successor the Department of Homeland Security.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237(a)(1)(B) of the Immigration and Nationality Act (Act), as amended, in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, you have remained in the United States for a time longer than permitted, in violation of this Act or any other law of the United States.

[X] This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

[ ] Section 235(b)(1) order was vacated pursuant to    [ ] 8CFR 208.30    [ ] 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

830 PINEHILL RD, JENA, LOUISIANA 71342 LASALLE DETENTION FACILITY
(Complete Address of Immigration Court, including Room Number, if any)

on   March 25, 2026   at   8:30 am   to show why you should not be removed from the United States based on the
       (Date)                (Time)

charge(s) set forth above                        A8816 ELMASRY - SDDO
                                           (Signature and Title of Issuing Officer)

Date   March 4, 2026                               Nashville, TN
                                                   (City and State)

Case 3:26-cv-00247    Document 37-1    Filed 03/30/26    Page 8 of 12 PageID #: 252

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at www.uscis.gov/I-589. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at http://www.ice.gov/contact/ero, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

**U.S. Citizenship Claims:** If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

---

## Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before.

x _Estefany Rodryg_
(Signature of Respondent)

_____
(Signature and Title of Immigration Officer)

Date x _3-4-26_

---

## Certificate of Service

This Notice To Appear was served on the respondent by me on **March 4, 2026**, in the following manner and in compliance with section 239(a)(1) of the Act.

[X] in person    [ ] by certified mail, returned receipt # _____ requested    [ ] by regular mail

[ ] Attached is a credible fear worksheet.

[X] Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the **SPANISH** language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

HEATH CROUCH - Deportation Officer

_____
(Signature of Respondent if Personally Served)

_____
(Signature and Title of officer)

DHS Form I-862 (6/22)

Case 3:26-cv-00247    Document 37-1    Filed 03/30/26    Page 9 of 12 PageID #: 253

**Authority:**

The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a; and 1360), and the regulations issued pursuant thereto.

**Purpose:**

You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**

For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN) DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN. EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement, other government agencies, and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**

Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date, however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

Case 3:26-cv-00247     Document 37-1     Filed 03/30/26     Page 10 of 12 PageID #: 254

Nombre: ESTEFANY RODRIGUEZ FLOREZ　　　　　　　　　　Expediente No: ▋▋▋▋

## AVISO DE DERECHOS Y NOTIFICACIONES

Usted ha sido arrestado(a) porque los oficiales de inmigración creen que usted está en los Estados Unidos ilegalmente. Usted tiene el derecho a una audiencia ante la corte de inmigración para que se determine si puede permanecer en los Estados Unidos. Si usted pide una audiencia ante un juez de inmigración, podría permanecer detenido(a) o podría ser elegible para salir de la detención, ya sea con o sin el pago de una fianza.

Usted tiene el derecho de contactar a un abogado de inmigración u otro representante legal para que lo represente en sus audiencias, o para que le conteste cualquier pregunta concerniente a sus derechos legales en los Estados Unidos. El oficial que le ha dado esta notificación le proveerá una lista de servicios legales que podrían representarlo(a) de gratis o a bajo costo. Usted tiene el derecho de comunicarse con los oficiales consulares o diplomáticos de su país. Usted puede utilizar el teléfono para llamar a un abogado, otro representante legal o al oficial consular en cualquier momento antes de su salida de los Estados Unidos.

Como alternativa, usted puede pedir que lo devuelvan a su país lo más pronto posible, sin una audiencia. Si elige regresar a su país, usted podría perder la oportunidad de solicitar ciertos beneficios de inmigración o formas de prevenir la remoción que solamente están disponibles para las personas presentes en los Estados Unidos. Si elige regresar a su país, usted puede cambiar de idea y pedir una audiencia ante un juez en la corte de inmigración en cualquier momento antes de su salida de los Estados Unidos. Usted debe notificar inmediatamente a un oficial de inmigración si cambia de idea.

Si usted ha estado en los Estados Unidos sin estatus legal por un año o más y elige regresar a su país, usted no podrá regresar a los Estados Unidos legalmente por diez años, a no ser que obtenga una dispensa. Si usted ha estado en los Estados Unidos sin estatus legal por más de 180 días pero por menos de un año y elige regresar a su país, usted no podrá regresar a los Estados Unidos legalmente por tres años, a no ser que obtenga una dispensa. Usted puede solicitar una dispensa solamente si tiene un conyugue o un padre que es ciudadano o residente permanente legal de los Estados Unidos.

## SOLICITUD DE RESOLUCIÓN

_____
Iniciales

Solicito una audiencia ante la corte de inmigración que resuelva si puedo o no permanecer en los Estados Unidos.

_____
Iniciales

Considero que estaría en peligro si regreso a mi país. Mi caso se trasladará a la corte de inmigración para la celebración de una audiencia.

_____
Iniciales

Admito que estoy ilegalmente en los Estados Unidos, y no considero que estaría en peligro si regreso a mi país. Renuncio a mi derecho a una audiencia ante la corte de inmigración. Deseo regresar a mi país en cuanto se pueda disponer mi salida. Entiendo que pudiera permanecer detenido hasta mi salida.

_____　　　　　_____
　　　　　　Firma del Sujeto　　　　　　　　　　　　　　Fecha

## CERTIFICATION OF SERVICE

[X] Notice read by subject.　ESTEFANY RODRIGUEZ FLOREZ

[ ] Notice read to subject by _____, in the SPANISH _____ language.

CROUCH, HEATH　　　　　　　　Deportation Officer
_____　　　　　_____
Name of Immigration Officer (Print)　　　　　　Name of Interpreter (Print)

　　　　　　　　　　　　　　　　　　　　　　March 04, 2026 11:42 AM
_____　　　　　_____
　　　　Signature of Officer　　　　　　　　　　　　Date and Time of Service

Event No: NSV2603000059

Subject ID:401694073

DEPARTMENT OF HOMELAND SECURITY FINS #:

# NOTICE OF RIGHTS AND REQUEST FOR DISPOSITION

Name: ESTEFANY RODRIGUEZ FLOREZ

File No: ▮▮▮▮▮▮▮

## NOTICE OF RIGHTS AND ADVISALS

You have been arrested because immigration officers believe that you are illegally in the United States. You have the right to a hearing before the Immigration Court to determine whether you may remain in the United States. If you request a hearing before a judge in Immigration Court, you may be detained, or you may be eligible to be released from detention, either with or without payment of bond.

You have the right to contact an attorney or other legal representative to represent you at your hearings, or to answer any questions regarding your legal rights in the United States. The officer who gave you this notice will provide you with a list of legal organizations that may represent you for free or for a small fee. You have the right to communicate with the consular or diplomatic officers from your country. You may use a telephone to call a lawyer, other legal representative, or consular officer at any time prior to your departure from the United States.

In the alternative, you may request to return to your country as soon as possible, without a hearing. If you choose to return to your country, you may lose the opportunity to apply for certain immigration benefits or forms of relief from removal that are only available to people present within the United States. If you choose to return to your country, you may change your mind and instead request a hearing before a judge in Immigration Court at any time before your departure from the United States. You should let an immigration officer know immediately if you change your mind.

If you have been in the United States without legal status for one year or more and choose to return to your country, you will be unable to legally return to the United States for ten years, unless you obtain a waiver. If you have been in the United States without legal status for more than 180 days but for less than one year and choose to return to your country, you will be unable to legally return to the United States for three years, unless you obtain a waiver. You may apply for a waiver only if you have a spouse or parent who is a U.S. citizen or lawful permanent resident.

## REQUEST FOR DISPOSITION

_____
Initials

I request a hearing before the Immigration Court to determine whether I may remain in the United States.

_____
Initials

I believe I face harm if I return to my country. My case will be referred to the Immigration Court for a hearing.

_____
Initials

I admit that I am illegally in the United States, and I do not believe that I face harm if I return to my country. I give up my right to a hearing before the Immigration Court. I wish to return to my country as soon as arrangements can be made to effect my departure. I understand that I may be held in detention until my departure.

_____        _____
Signature of Subject                              Date

## CERTIFICATION OF SERVICE

[x] Notice read by subject. ESTEFANY RODRIGUEZ FLOREZ

[ ] Notice read to subject by _____, in the SPANISH _____ language.

CROUCH, HEATH      Deportation Officer

_____
Name of Officer (Print)

_____
Name of Interpreter (Print)

_____
Signature of Officer

March 04, 2026 11:42 AM

_____
Date and Time of Service

Case 3:26-cv-00247    Document 37-1    Filed 03/30/26    Page 12 of 12 PageID #: 256