| | |
|---|---|
| ESTEFANY MARIA RODRIGUEZ FLOREZ,<br><br>           Petitioner,<br><br>           v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement,<br><br>           Respondent. | Case No. 3:26-cv-00247<br>Judge Richardson |

## PETITIONER'S REQUESTS FOR PRODUCTION DIRECTED TO RESPONDENTS

PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, Petitioner Estefany Rodriguez ("Petitioner"), by and through her undersigned counsel hereby requests that Respondent Christopher Bullock ("Respondent") produce the following documents and things identified and listed below for inspection within twenty-one (21) days of service of this request.

## DEFINITIONS AND INSTRUCTIONS

1.  The definitions and instructions provided in Federal Rule of Civil Procedure 34(a) are incorporated by reference.

2.  Whenever reference is made to a person or legal entity, it includes any and all of such person's or entity's past and present affiliates, components, subdivisions, offices, directors, officers, agents, partners, employees, contractors, consultants, attorneys, representatives,

1

investigators, predecessors, successors, assigns and/or any other person or entity acting on, or purporting to act on, its behalf.

3. "Alien File" or "A-File" means the official record created and stored by the Department of Homeland Security containing a noncitizen's immigration history and documents.

4. "And" and "or" shall be construed in the conjunctive or disjunctive as necessary to bring within the scope of the Request all responses that might otherwise be construed as outside its scope.

5. "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

6. "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether received or sent.

7. "Concerning" means referring to, describing, evidencing, or constituting.

8. The terms "document" and "documents" mean any and all items referred to as "documents" in Federal Rule of Civil Procedure 34 and as "writings" and "recordings" in Federal Rule of Evidence 1001. By way of example and without limitation, the terms "document" and "documents" include the original, all drafts, and all non-identical copies, regardless of origin or location, of the following: notes, correspondence (including by letter, by e-mail, or by SMS text message, iMessage, Signal, or other messaging platform), internal communications, e-mail, ledger books, log books, statements, memoranda, policies, procedures, directives, instructions, guidance, summaries of records of conversations, reports, video tapes, audio tapes, minutes or records of meetings, summaries of interviews or investigations, maps, and photographs. The term "document" shall include data stored and organized electronically.

9. "Each" shall be construed to include the word "every" and "every" shall be

2

construed to include the word "each."

10. "Including" shall be construed to include the phrase "without limitation."

11. The terms "you" and "your" refer to the Respondent individually as well as any other person acting on his behalf, at his direction, or in a subordinate capacity, including agents, contractors, employees.

12. To the extent a request calls for the production of documents or things you contend are subject to a privilege or immunity from discovery, your written response should so indicate, but you are requested to produce the balance of the documents or things not subject to a claim of privilege which fall within the scope of the request. Additionally, to the extent information subject to a privilege or immunity from discovery is contained within responsive documents or things, you are requested to produce a redacted version of the document or thing containing the non-privileged information with a notation on the produced document or thing indicating that it is being produced in redacted form.

13. If you are unable to produce any file or document sought in these requests, you shall identify the file or document; state the reasons why you are unable to produce it; describe in detail the efforts you have made to obtain it; and identify its location and/or custodian.

14. Documents responsive to these requests should be produced in the order in which they are ordinarily kept and in a format sufficient to identify the files from which they have been taken. Documents from different files should not be intermingled.

15. Except as otherwise specified, these requests cover the time period November 1, 2025, to the present.

16. These discovery requests are continuing in that they may require supplemental responses. If you obtain further information or documents with respect to any request to which

3

you have already responded, you have a continuing duty to supplement your answer pursuant to Federal Rule of Civil Procedure 26(e) at any time prior to the entry of judgment.

17. For each document or thing request that you object to producing on the basis of any privilege or immunity from discovery, please provide the following information:

a. The basis for the privilege being invoked;

b. The date of the document;

c. The title of the document (if any);

d. The name of the person(s) authoring the document;

e. The name of the person(s) to whom the document and/or copies thereof were given or transmitted;

f. The name of the person(s) from whom the document and/or copies thereof were given or transmitted;

g. The present location and custodian of the document, and/or any copies thereof; and

h. The general subject matter dealt with in the document with reasonable specificity to allow Petitioner to determine whether to challenge the privilege designation.

**DOCUMENT REQUESTS**

1. Petitioner's complete Alien File or "A-File".

2. Any records in the possession of you or any other DHS component that contain with Petitioner's name or identifying information, or make any reference, either direct or indirect, to Petitioner, including medical records.

3. All records that the Etowah County Jail has, or has created, regarding Petitioner.

4

4. All records that any medical provider working at or for the Etowah County Jail has, or has created, regarding Petitioner.

5. All documents and communications between you, any other DHS component, and/or Etowah County Jail regarding Petitioner.

6. All documents and communications between Etowah County Jail and DHS regarding standards of care for the treatment of suspected or confirmed lice.

7. All communications DHS possesses regarding Petitioner and/or her case, including emails, text messages, and other forms of communication, from November 1, 2025 to the present.

8. All video footage or photographs of Petitioner's arrest and related operations on March 4, 2026.

9. Any records related to the "targeted operation[]" referred to in the I-213 submitted to this court as Exhibit B to Respondents' Preliminary Response. (Form I-213, R.9-2, PageID# 47.)

10. All records, including those stating policies or procedures, that relate to the issuance of Form G-56 letters to individuals without ongoing removal proceedings, or without a pending Notice to Appear or reinstatement order.

5