IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ESTEFANY MARIA RODRIGUEZ FLOREZ, )
)
Petitioner, )
)
v. )
) Case No. 3:26-cv-00247
CHRISTOPHER BULLOCK, Field Office ) Judge Richardson
Director of Enforcement and Removal Operations, )
New Orleans Field Office, Immigration and )
Customs Enforcement, )
)
Respondent. )

**RESPONDENT'S REPLY TO PETITIONER'S RESPONSE IN
OPPOSITION TO RESPONDENT'S MOTION TO DISMISS**

The Respondent, by and through the United States Attorney for the Middle District of Tennessee, and the undersigned Assistant United States Attorney, hereby file his reply to Petitioner's Response in Opposition to Respondent's Motion to Dismiss. (D.E. 38).

Respondent submits that Petitioner cannot dispute that she remains an undocumented alien as set forth in facts of Respondent's Motion and Memorandum. (D.E. 25, 26). The mere fact that she is a journalist has absolutely no bearing on the applicable statutes regarding her lawful arrest as an illegal alien. Petitioner is required to abide by the same statutes and regulations of the United States as any other alien. It was her choice to unlawfully remain in the United States and not maintain lawful documentation.

In her response, Petitioner seems to not understand that mootness is a threshold jurisdictional issue. She states in her response that "Standing does not have to be maintained throughout all stages of litigation," but fails to state that the Sixth Circuit holds that mootness must be considered "at every stage of the case." *Patton v. Fitzhugh*, 131 F.4th 383, 391-92 (6th Cir. 2025). Petitioner, an undocumented alien, was lawfully arrested, detained and granted bond. She

is now pending a removal decision, all pursuant to 8 U.S.C. § 1226(a). Petitioner's requested relief requires that she be in custody. 28 U.S.C. § 2241. Petitioner is no longer in custody; therefore, her claims are moot.

Refusing to concede that her claims are moot, she proceeds to claim she remains in custody because of standard bond conditions and because she claims U.S. Immigration and Customs Enforcement's ("ICE") confiscated important documents other than her passport. (D.E. 38, PageID#: 272). However, those claims must also fail.

Petitioner cites the United States Supreme Court case *Hensley v. Mun. Court* to support the contention that a habeas petitioner may be in custody when obliged to appear in court when the court required because they were "subject to restraints" not shared by the public generally. 411 U.S. 345, 351 (1973). It should be noted that it is a criminal habeas case, not an immigration one. A district court has distinguished *Hensley* in the immigration setting when determining whether a Petitioner who had been in custody when he first filed for a habeas but later was released was still "in custody" for mootness purposes. *Ndiaye v. Adducci*, No. 4:19CV712, 2020 U.S. Dist. LEXIS 252421, at *8, 16 (N.D. Ohio Feb. 28, 2020). This opinion was released to determine whether the petitioner's case could survive the respondent's motion to dismiss for, among other things, mootness upon his release from custody. Similar to *Florez*, the Petitioner in *Ndiaye* did not allege any collateral consequences stemming from her incarceration and instead cited to the terms and conditions of his release. *Id.* at *10. The district court found that the conditions of the petitioner's release did not constitute being "in custody" for purposes of habeas corpus relief. *Id.* at *17. The court held that the conditions did not significantly restrain the petitioner's liberty "to do those things which in this country free men are entitled to do" nor constituted a "severe restraint on individual liberty." *Id.* The court distinguished the petitioner's restraints from other cases where the Sixth Circuit found more restrictive conditions than petitioner's to not amount to restrictions

on liberty. *Id.* (comparing *Factor v. Fox*, 175 F.2d 626, 629 (6th Cir. 1949) (petitioner was not in custody from requirement to reside in California for four years as a condition of parole) and *Hautzenroeder v. Dewine*, 887 F.3d 737, 743 (6th Cir. 2018) (requirement to register on sex offender list for lifetime did not constitute "custody")). In the instant case, Petitioner was released from custody upon payment of the $10,000 bond. The bond obligor has agreed to produce the Petitioner to an immigration officer or an immigration judge of the United States upon each and every written request until removal proceedings are finally terminated. (*See* D.E. 37-2, PageID#: 259-262).

As to the items she claims that ICE confiscated, Respondent submits that the electronic records show the only document ICE retained was her passport. (*See* Declaration of Paul Gray, Assistant Field Office Director (AFOD)). On March 23, 2026, the Petitioner, through Counsel, contacted Enforcement and Removal Operations (ERO) Nashville and requested the return of the Petitioner's Employment Authorization Document (EAD), Passport, and Driver's License. *Id.* ERO notified Petitioner's Counsel that the file would need to be ordered and reviewed. ICE is still waiting to review the physical file. *Id.*

Petitioner claims this case is not moot because she is seeking injunctive relief. However, the cases she cites are not applicable. For example, in *S-M-J v. Bostock*, No. 6:25-CV-01425-MTK, 2025 U.S. Dist. LEXIS 221108, at *15 (D. Or. Nov. 10, 2025), the Court ordered that if government detained Petitioner again, it must *comply with all applicable statutes and regulations* NOT to refrain at all.

Here, Petitioner's claim is simply speculative. The remedy for habeas petitions is release from unlawful detention. *Munaf v. Geren*, 553 U.S. 674, 693 (2008). District courts have declined to provide injunctive relief by enjoining ICE from re-detaining Petitioners because it is too speculative. *Sy v. Immigr. & Customs Enf't*, No. 4:19 CV 894, 2020 U.S. Dist. LEXIS 181459, at

*21-22 (N.D. Ohio Jan. 15, 2020); *Chibinda v. Columbus Field Office Dir. (ICE)*, No. 20-3195, 2021 U.S. App. LEXIS 8362, at *8 (6th Cir. Mar. 22, 2021).

Respondent submits that Petitioner's request for the Court to enjoin Respondent from taking any enforcement action against Petitioner is not ripe, nor warranted.

Finally, Petitioner incorrectly seeks to use this habeas petition as a venue to challenge conditions of her confinement. (D.E. 38, PageID#: 274). However, the Sixth Circuit holds that "§ 2241 is not the proper vehicle for a prisoner to challenge conditions of confinement." *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). A civil rights action, in contrast, is the proper method of challenging conditions of confinement. *Mescall v. Hemingway*, No. 20-1857, 2021 U.S. App. LEXIS 10072, at *3 (6th Cir. Apr. 7, 2021) (citing *Presier v. Rodrigeuz*, 411 U.S. 475, 487-88 (1973)).

Therefore, based on the above and Respondents' Motion to Dismiss and Memorandum, this case should be dismissed.

<div style="margin-left: 40%">

Respectfully submitted,

BRADEN H. BOUCEK
United States Attorney
Middle District of Tennessee

By:   s/ Mercedes C. Maynor
MERCEDES C. MAYNOR, B.P.R. # 013330
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, TN 37203
Telephone: (615) 736-5151
mercedes.maynor@usdoj.gov

</div>

# CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2026, a copy of the foregoing was filed electronically. A copy will be sent to the following, if registered, by operation of the Court's electronic filing system. If not registered, a copy was sent by United States First Class Mail, postage prepaid, to the following:

| | |
|---|---|
| Joel Hugh Coxander<br>MIRA Legal<br>486 Bell Road, Suite B<br>Nashville, TN 37217 | Julio Quiroz Colby<br>Spring A. Miller<br>Tennessee Immigrant & Refugee<br>Rights Coalition<br>3310 Ezell Road<br>Nashville, TN 37211 |
| Michael C Holley<br>The Law Office of Michael C. Holley<br>922 Main Street, Suite C-161<br>Nashville, TN 37206 | |

s/ Mercedes C. Maynor
MERCEDES C. MAYNOR
Assistant United States Attorney