IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ESTEFANY MARIA RODRIGUEZ FLOREZ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement, *et al.*<br><br>Respondent. | Case No. 3:26-cv-00247<br>Judge Richardson |

## PETITIONER'S SURREPLY TO REPLY TO RESPONSE TO MOTION TO DISMISS

Petitioner Estefany Maria Rodriguez Florez files this surreply regarding the Respondent's motion to dismiss. She does so primarily to address the newly filed declaration of Paul Gray.

Rodriguez has provided a sworn declaration, based on her personal knowledge, specifying how ICE took and has retained her Tennessee REAL ID driver's license, Colombian identification card, and work permit. (Rodriguez Dec., R.37-1, PageID# 246, 248.) The purpose of Gray's declaration is evidently to suggest that ICE has not taken those documents. But his declaration is meaningless because it fails to even come close to ruling out that ICE did take those documents and still possesses them. (Gray Dec., R.41, PageID# 312–13.) Moreover, the declaration reveals that he lacks any personal knowledge on the subject. (*Id.*) Because the declaration presents double-hearsay and violates the best evidence rule, the Court should either strike it, *see, e.g., M.Z.H. v. Hermosillo*, No. C25-2523-KKE, 2025 U.S. Dist. LEXIS 265353, at *11 (W.D. Wash. Dec. 23, 2025) (indicating ICE declaration is subject to being struck for these

1

reasons),[1] or it should hold an evidentiary hearing to resolve the pertinent questions of fact if doing so is necessary to resolve the motion to dismiss. *See* 28 U.S.C. § 2246 (allowing habeas court to take evidence "orally or by deposition," or, in the alternative, to proceed by affidavit if certain discovery is allowed).

But undisputed facts can resolve the mootness question. Based on those facts, the Court should find that Rodriguez remains in "custody," which necessarily means the case is not moot since the Court can order restoration of the *status quo ante* prior to ICE taking her into custody. (Resp. to Mot. to Dismiss, R.38, PageID# 268–74.) The case the Respondent has cited to resist this proposition, *Ndiaye v. Adducci*, No. 4:19CV712, 2020 U.S. Dist. LEXIS 252421 (N.D. Ohio Feb. 28, 2020) (Report & Rec.), is inapposite. In *Ndiaye* the case was mooted since the petitioner had already been returned to his *status quo ante* (to being on indefinite release under supervision), which is all the relief he sought. *Id.* at *2, *12. In contrast, Rodriguez has not been returned to her *status quo ante*, which is one form of relief that she seeks and that this Court can grant, along with injunctive relief against re-detention.

As for her theory in the alternative—that the Court could grant *freestanding* injunctive relief against re-detention—the Respondent suggests that this alternative theory suffers from a lack of ripeness. (Reply to Resp. to Mot. to Dismiss, R.40, 309–10.) Because Rodriguez has already been detained, this question seems to be really one of mootness, and it boils down to the

---

[1] Federal Rule of Evidence 1101(b) provides that the Rules of Evidence apply to "civil cases and proceedings." *See Amadeo v. Zant*, 486 U.S. 214, 227 n.5 (1988) (indicating FRE applies to habeas corpus proceedings). Most of what Gray claims to be true (*viz.*, everything except for facts that establish that counsel did in fact request the return of Rodriguez's documents) is based on records that he says he reviewed, and so his affidavit amounts to double hearsay. Fed. R. Evid. 801(c), 805. Plus, the records he says he reviewed are the best evidence of what those records say, yet they have not been submitted. Fed. R. Evid. 1002. It also bears noting that counsel Joel Coxander reports that he received no message from Paul Gray (Gray Dec., R.41, PageID# 312, ¶ 5), although the supposed sending of that message lacks any real significance.

2

question whether there is a "reasonable expectation" that ICE will subject her to retaliatory detention again. *See Patton v. Fitzhugh*, 131 F.4th 383, 394 (6th Cir. 2025) (quoting *Wilson v. Gordon*, 822 F.3d 934, 951 (6th Cir. 2016)). At the very least, the record must be developed on this question to base any definitive ruling on its determination. In this regard, the filing of Gray's declaration is significant because it underscores another weakness in the Respondent's position. Although the Respondent will provide a declaration about the whereabouts of identification documents, he chosen to provide nothing to explain: (1) why ICE chose to put Rodriguez in removal proceedings even though there was already a backlog of 2.3 million asylum claims; (2) why ICE chose to pull her off the streets without a warrant even though she could not possibly be considered a flight risk; and, (3) why ICE chose to detain her and ship her to Louisiana even though every single release factor weighed heavily in favor of release. In short, the Respondent has chosen to provide nothing to rebut the conclusion that these illegal and extraordinarily high-handed enforcement actions were materially motivated by Rodriguez's reporting on ICE, an agency with a recent track record of attacking journalists for their work. The Court should deny the motion to dismiss, order the requested discovery, and proceed accordingly.

Respectfully submitted,

*/s/ Michael C. Holley*
Michael C. Holley
Julio Colby
Spring Miller
TENNESSEE IMMIGRANT & REFUGEE RIGHTS COALITION
3310 Ezell Road
Nashville, TN 37211
Phone: (615) 457-4768
mike@tnimmigrant.org
mholley@holleylegal.com
julio@tnimmigrant.org
spring@tnimmigrant.org

3

/s/ Joel Coxander
Joel Coxander
MIRA Legal
486 Bell Road, Suite B
Nashville, TN 37217

Counsel for Petitioner


## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2026, I electronically filed this pleading with the U.S. District Court Clerk by using the CM/ECF system to Assistant United States Attorney Mercedes C. Maynor, United States Attorney's Office, 719 Church St., Suite 3300, Nashville TN 37203.

s/ *Michael C. Holley*
MICHAEL C. HOLLEY

4