IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ESTEFANY MARIA RODRIGUEZ FLOREZ, )
)
Petitioner, )
)
v. )
) Case No. 3:26-cv-00247
CHRISTOPHER BULLOCK, Field Office ) Judge Richardson
Director of Enforcement and Removal Operations, )
New Orleans Field Office, Immigration and )
Customs Enforcement, )
)
Respondent. )

## RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION FOR DISCOVERY

Respondent, by and through the United States Attorney, and the undersigned Assistant United States Attorney, hereby submits this response in Opposition to the Petitioner's Motion for Discovery. (D.E. 39).

Respondent submits that the Petitioner's Motion for Discovery should be denied. First, Petitioner's Motion is premature as there is a pending motion to dismiss the habeas petition based on mootness for lack of jurisdiction pursuant to Fed. R. Civ. P. 12 (b)(1) and (6). (DE. 25-26). Second, the proposed discovery is not materially related to Petitioner's claims in her habeas petition and certainly not likely to cure any factual disputes that could entitle Petitioner to relief. Third, the attempt to obtain discovery pursuant to this instant petition is only a fishing expedition regarding claims not properly before this Court.

Respondent's Motion and Memorandum to Dismiss for mootness was filed on March 17, 2026. (*Id.*). The memorandum sets forth in detail reasons that the Amended Petition (D.E. 14) should be dismissed, specifically because this Court lacks subject matter jurisdiction due to mootness. The requested relief has been provided as to her release. She is not in custody but on

bond pursuant to a hearing before the Immigration Court. (D.E. 26-1, PageID#: 217-218). She is not entitled to any other relief from this Court for reasons stated in the Motion and Memorandum to Dismiss. Respondent states, in the interest of judicial and other litigative resources, that resolution of the preliminary issue of subject matter jurisdiction should be resolved prior to determining whether Petitioner is entitled to discovery on a habeas petition.

However, should this Court address the discovery motion, Respondent proffers that a habeas petitioner "is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing 2254 Cases in the United States District Courts allows federal courts to permit discovery after the movant demonstrates there is good cause for discovery. "Before determining whether discovery is warranted, the court must first identify the essential elements of the claims on which discovery is sought." *Davidson v. Lebo*, No. 3:16-CV-1334, 2018 WL 4405576, at *24 (M.D. Tenn. Sept. 17, 2018) (citing *Bracy*, 520 U.S. at 904). The party requesting the discovery has the "burden of demonstrating the materiality of the information requested." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). To meet this burden, the movant must "set forth specific allegations of fact" demonstrating that the requested discovery could "resolve any factual disputes that could entitle him to relief." *Bracy*, 520 U.S. at 908-09; *see also Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004).

Rule 6 does not authorize a fishing expedition in order to search for potentially viable claims. *Niceley v. Tennessee Dep't of Correction*, No. 3:22-CV-00242, 2023 WL 6276725 (M.D. Tenn. Sept. 26, 2023); *United States v. Riley*, No. 08-81-DCR-JGW-1, 2013 WL 1332450 (E.D. Ky. Mar. 11, 2013), *report and recommendation adopted sub nom*, *United States v. Reilly*, No. CIV.A. 5:12-7238-DCR, 2013 WL 1320769 (E.D. Ky. Mar. 29, 2013).

In this case, Petitioner seeks discovery related to her alleged First Amendment retaliation and Fourth Amendment violation claims.

**1.     Petitioner is not entitled to discovery on her First Amendment claims.**

Petitioner's requests for discovery for alleged First Amendment retaliation claims fail for two independent reasons. First, Petitioner has failed to establish that she has any protections under the First Amendment as an illegal alien. Second, even if Petitioner had shown she is entitled to First Amendment protections, habeas is not the proper venue to pursue remedies for civil rights actions.

Petitioner alleges that "ICE chose to detain her in retaliation for her exercise of her First amendment rights." (D.E. 39, PageID#: 287). She claims that this retaliation violated her First Amendment and Fifth Amendment Due Process rights. *Id.* However, as an initial matter, Petitioner has failed to show that she is even entitled to any First Amendment right protections as an illegal alien. (*See* D.E. 18, 25-26).

Despite not showing *how* she is protected by the First Amendment, in her Motion, she attempts to analogize two other cases where noncitizens established First Amendment retaliation claims. However, both cases dealt with noncitizens who were in the country legally.

First, Petitioner cites to *Ercelik v. Hyde*. (D.E. 39, PageID#: 287, 293-294). The petitioner in that case was in this country on a valid F-1 student visa while he was enrolled full-time in undergraduate education. *Ercelik v. Hyde*, No. 1:25-CV-11007-AK, 2025 WL 1361543, at *3 (D. Mass. May 8, 2025). Because the *Ercelik* petitioner was in the United States legally, he had First Amendment protections, unlike Petitioner in this case.

Next, she cites to a case wherein a "noncitizen journalist challenged his immigration detention as unconstitutional retaliation for his criticism of ICE." *Guiterrez-Soto v. Sessions*, 317

F. Supp. 3d 917, 921 (W.D. Tex. 2018); (D.E. 39, PageID#: 288). Again, this case is not similar to Petitioner's case because the alien in this case was legally in the United States after an asylum officer "found that [p]etitioners had a credible fear of prosecution" and was subsequently placed on parole. *Id.* at 921-22.

Because Petitioner cannot show how she is entitled to First Amendment protections as an illegal alien, all other allegations regarding a First Amendment retaliation claim must fail. Therefore, any discovery requested under this claim should be denied for lack of "good cause." R. 6(a) R. Gov. § 2254 Cases . Even if the factual assertions were fleshed out from discovery, she still would not be entitled to relief, because she has not shown that she has First Amendment rights. *Bracy*, 520 U.S. 899 at 908-09. Additionally, the habeas petition is not the proper avenue to pursue this claim because the Petitioner may not pursue civil rights actions under a habeas petition, as briefed in Respondent's Reply to Petitioner's Response in Opposition to Respondent's Motion to Dismiss. (D.E. 40). Therefore, there is no good cause to grant discovery for Petitioner to seek information related to her First Amendment claim.

> **2.      Petitioner should not be granted discovery for her Fourth Amendment claims.**

Petitioner continues to allege that she was arrested without a valid arrest warrant and claims she is entitled to discovery for her Fourth Amendment claims. However, Respondent submits that any Fourth Amendment claim is moot. Even if the discovery led to facts that would allow her to prevail on the merits, she would not be entitled to relief under this action because this court lacks jurisdiction over her case as argued in Respondent's Motion and Memorandum to Dismiss. (D.E. 25-26).

In Petitioner's proposed discovery requests attached to her Motion, she, among other things, seeks discovery related to her conditions of confinement. Discovery should not be allowed

as a part of this habeas petition because (1) as stated in Respondent's Motion and Memorandum to Dismiss, any challenges to the conditions of her confinement should be brought in a civil rights action; (2) she has been released from confinement, so her habeas petition is moot; and (3) she has not meet her burden to explain how discovery can advance the specific factual allegations in her habeas claim. Instead, she spends her entire Fourth Amendment argument explaining why she is entitled to discovery regarding the validity of her arrest warrant and does not explain how she is entitled to discovery for the conditions of her confinement.

In her Motion, Petitioner continues to disregard that she is an undocumented illegal alien who has been released on bond. (D.E. 37-2, PageID#: 259-262). The fact that she has filed for asylum and received work authorization does not give her any legal status nor shield her from the removal process. Her tourist visa that she refers to is expired. (D.E. 9-2, PageID#: 47).

Despite Petitioner's claims that she remains in custody, those claims are without merit as fully set forth in Respondent's Motion and Memorandum to Dismiss . (D.E. 25-26).

The issues Petitioner raised in her Amended Petition (D.E. 14) have been resolved. Should she wish to pursue alleged constitutional claims, this is not the venue, and she should be prohibited from continued use of this Court as a fishing expedition. It is undisputed that she remains an illegal alien arrested pursuant to a valid arrest warrant for proper clause.

Therefore, based on the above Petitioner's Motion for Discovery should be denied in its entirety and the necessity for an evidentiary hearing does not exist.

//

//

//

[*signature on next page*]

Respectfully submitted,

BRADEN H. BOUCEK
United States Attorney
Middle District of Tennessee

s/ Mercedes C. Maynor
MERCEDES C. MAYNOR, BPR #013330
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, TN  37203
Telephone: (615) 736-5151
mercedes.maynor@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2026, a copy of the foregoing was filed electronically.  A copy will be sent to the following, if registered, by operation of the Court's electronic filing system. If not registered, a copy was sent by United States First Class Mail, postage prepaid, to the following:

| | |
|---|---|
| Joel Hugh Coxander<br>MIRA Legal<br>486 Bell Road, Suite B<br>Nashville, TN 37217 | Julio Quiroz Colby<br>Tennessee Immigrant & Refugee Rights Coalition<br>3310 Ezell Road<br>Nashville, TN 37211 |
| Michael C Holley<br>The Law Office of Michael C. Holley<br>922 Main Street, Suite C-161<br>Nashville, TN 37206 | |

s/ Mercedes C. Maynor
MERCEDES C. MAYNOR
Assistant United States Attorney

6