IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ESTEFANY MARIA RODRIGUEZ FLOREZ, | ) | |
| PETITIONER, | ) | NO. 3:26-cv-00247 |
| v. | ) | JUDGE RICHARDSON |
| CHRISTOPHER BULLOCK, | ) | |
| RESPONDENT. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the "First Amended Petition for Writ of Habeas Corpus" (Doc. No. 14, "Amended Petition"), which was filed by Petitioner, Estefany Maria Rodriguez Florez, and was brought pursuant to 28 U.S.C. § 2241 ("Section 2241"). Via the Amended Petition, Petitioner seeks the issuance of an order directing the "release [of] Petitioner." (Doc. No. 14 at 14). Also via the Amended Petition, Petitioner seeks a declaration that the "[March 4, 2026] arrest and [subsequent] det[ention] [of] Petitioner violate the First Amendment, the Fourth Amendment, and the Due Process Clause of the Fifth Amendment" and an injunction preventing "any enforcement action against Petitioner to retaliate against her [for her] past speech or to chill her future speech." (*Id.*).

For the reasons stated herein, the Amended Petition (Doc. No. 14) is **DISMISSED**.

## BACKGROUND[1]

**1. Procedural Background**

On March 4, 2026, Petitioner filed an "Emergency Petition for Writ of Habeas Corpus" (Doc. No. 1, "Petition"), wherein she named as respondents Scott Ladwig, Kristi Noem, the Department of Homeland Security, and ICE[2] Enforcement & Removal Operations, Nashville Field Office (collectively, "Original Respondents"). On March 8, 2026, Petitioner filed the Amended Petition (Doc. No. 14), again naming as respondents the Original Respondents. On March 9, 2026, the Court issued a show cause order, directing the Original Respondents "to file a show-cause response by close of business (5 p.m. CST) on Thursday, March 12, 2026." (Doc. No. 16 at 2). The Original Respondents then filed a show-cause response (Doc. No. 18) on March 12, 2026, to which Petitioner filed a reply (Doc. No. 20) on March 16, 2026. The Original Respondents filed a sur-reply (Doc. No. 24) on March 17, 2026.

Also on March 17, 2026, the Original Respondents filed a motion to dismiss (Doc. No. 25), therein seeking the dismissal of the Amended Petition pursuant to Rule 12(b)(1) and Rule 12(b)(6). Subsequently, the Court, via an order (Doc. No. 28), substituted in place of the Original Respondents a single respondent, Christopher Bullock ("Respondent").[3]

---

[1] When citing to a page in a document filed by one of the parties, the Court endeavors to cite to the page number ("Page __ of __") added by the Clerk's Office as part of the pagination process associated with Electronic Case Filing if such page number differs from the page number originally provided by the author/filer of the document.

[2] "ICE" is an acronym for "Immigration & Customs Enforcement."

[3] Given this substitution, hereinafter the Court will refer to the arguments and filings made either by the Original Respondents or Respondent as having been made or filed by *Respondent*, irrespective of whether it was the Original Respondents or, instead, Respondent who made the argument or filing to which reference is being made.

### 2. Factual Background[4]

Petitioner is a citizen of Colombia. (Doc. No. 9-2 at 2). Petitioner entered the United States on March 10, 2021, on a B2 visa (*id*. at 4), which expired on September 9, 2021. (*Id.*). On July 22, 2021, Petitioner applied for asylum by submitting a Form I-589, and her application for asylum remains pending. (*Id.*; Doc. No. 14 at ¶ 14). On February 14, 2022, Petitioner applied for work authorization by submitting a Form I-765, and this application was approved on February 28, 2022, valid through February 27, 2024. (Doc. No. 9-2 at 4). On March 8, 2024, Petitioner again applied for work authorization by submitting a Form I-765; this application was approved on December 27, 2024, valid through December 26, 2029. (*Id.* at 4-5). On January 21, 2026, Petitioner married a United States citizen. (*Id.* at 5). On January 26, 2026, Petitioner submitted an I-130 Petition, and this petition remains pending. (*Id.*). On February 6, 2026, Petitioner submitted an I-485 Application to Register Permanent Residence or Adjust Status, and this application remains pending. (*Id.*).[5]

Via a letter from ICE dated January 8, 2026, Petitioner was directed to report on January 26, 2026, to the Nashville ICE Field Office. (Doc. No. 1-1 at 1). However, Petitioner did not report to the Nashville ICE Field Office on January 26, 2026 (Doc. No. 9-2 at 5; Doc. No. 14 at ¶ 23), and (according to Petitioner) the Nashville ICE Field Office was closed that day due to severe weather. (Doc. No. 14 at ¶ 23). Subsequently, via a letter from ICE dated February 10, 2026,

---

[4] The following facts, unless somehow qualified herein (as for example by "Petitioner alleges that" or "Respondent asserts that"), are accepted because they are either: (1) asserted and evidentially supported at least to some degree by one party and not rebutted by the other side; (2) otherwise not in genuine dispute; (3) asserted and evidentially supported by one side to such an extent, or in such a manner, that they are credited by this Court even if rebutted to some extent by the other side; or (4) subject to judicial notice.

[5] The Court provides the background of Petitioner's immigration status for the reader's context and the Petitioner's immigration status is ultimately not germane to the Court's decision herein.

Petitioner was directed to report to the Nashville ICE Field Office on February 25, 2026. (Doc. No. 1-1 at 2). On February 23, 2026, Petitioner's attorney appeared at the Nashville ICE Field Office, (Doc. No. 9-2 at 5), and was given a sheet that indicated that Petitioner was now due to report at the Nashville ICE Field Office on March 17, 2026. (Doc. No. 1-1 at 3; Doc. No. 14 at ¶ 25; Doc. No. 9-2 at 5). Petitioner was subsequently arrested on March 4, 2026[6] by officers from ICE Enforcement & Removal Operations for (allegedly) violating Section 237(a)(1)(B) of the Immigration and Nationality Act. (Doc. No. 9-2 at 4). The same day as Petitioner's arrest, Petitioner was transported to Etowah County Jail in Alabama. (Doc. No. 37-1 at 2). Petitioner was then transported to Louisiana on March 12, 2026. (*Id.* at 3).

On March 16, 2026, a bond redetermination hearing was held before Immigration Judge Cynthia Goodman pursuant to 8 C.F.R. § 1236. (Doc. No. 26-1 at 2-4). Petitioner was subsequently released on March 19, 2026, on a bond of $10,000.00. (*Id.* at 4; Doc. No. 33 at 1; Doc. No. 37-1 at 4). Petitioner's release was conditioned on Petitioner producing "herself to an immigration officer or an immigration judge of the United States, as specified in the 'Notice to Obligor to Deliver Alien,' Form I-340, issued by ICE, upon each and every written request until removal proceedings in his/her case are finally terminated." (Doc. No. 37-2 at 6). Certain of Petitioner's documents that were taken from her when she was first arrested, namely her Colombian passport, her Colombian identity card, her Tennessee driver's license, and her work permit, were not returned to Petitioner when she was released. (Doc. No. 37-1 at 2, 4).[7]

---

[6] The Court observes there is a dispute over whether Petitioner's March 4, 2026 arrest was with or without a warrant. (Doc. No. 14 at 1; Doc. No. 26 at 3). The Court need not and does not resolve this dispute herein.

[7] Although there is some dispute as to whether all of these documents were not returned to Petitioner upon her release (Doc. No. 40 at 3; Doc. No. 38 at 5-6), the Court accepts Petitioner's contention (in her declaration at Docket No. 37-1) that she did not receive back her Colombian passport, her Colombian identity card, her Tennessee driver's license, or her work permit upon her release.

### 3. The Amended Petition

Via the Amended Petition, Petitioner brings challenges to her March 4, 2026 arrest and her subsequent detention. Petitioner brings three claims for relief. The first is a claim that Petitioner's March 4, 2026 arrest, which Petitioner contends was warrantless, violated the Fourth Amendment, and that accordingly Petitioner should be released from detention (i.e., released from *physical confinement*).[8] (Doc. No. 14 at ¶¶ 35-38). The second claim for relief is a claim that the "[March 4, 2026] arrest and ongoing detention [(i.e., physical confinement)] of [Petitioner] violate the First Amendment." (Doc. No. 14 at ¶ 41). The third claim for relief is that Petitioner's March 4, 2026 arrest and subsequent detention (i.e., physical confinement) violate the due process clause of the Fifth Amendment. (Doc. No. 14 at ¶¶ 43-47). That is to say, the Amended Petition plainly challenges only Petitioner's March 4, 2026 arrest and Petitioner's subsequent detention (i.e., her physical confinement).

Petitioner seeks multiple forms of relief via the Amended Petition. She seeks an order directing the "release [of] Petitioner [from physical confinement]."[9] (Doc. No. 14 at 14). And as the Court discusses below, via the Amended Petition, Petitioner also seeks a declaration that the "[March 4, 2026] arrest and [subsequent] det[ention] [of] Petitioner violate the First Amendment, the Fourth Amendment, and the Due Process Clause of the Fifth Amendment" and an injunction

---

[8] Although the Amended Petition refers seemingly generally to Petitioner's "detention," it is clear in context that Petitioner uses "detention" to refer specifically to the physical confinement of Petitioner that was ongoing at the time that the Amended Petition was filed. (Doc. No. 14 at ¶ 21 (discussing the decision to "detain" petitioner and send her to a "far-away detention center"), ¶ 38, (requesting "release from detention"), ¶ 41 (discussing "ongoing detention")). With this in mind, herein the Court uses the terms "detention" and "physical confinement" interchangeably.

[9] Consistent with the Court's understanding that the Amended Petition presents a challenge to Petitioner's March 4, 2026 arrest and subsequent detention (i.e., physical confinement), the Court understands that Petitioner's request for *release* is a request for release specifically from her (then) *physical confinement*.

preventing "any enforcement action against Petitioner to retaliate against her [for her] past speech or to chill her future speech." (*Id.*).

## <u>ANALYSIS</u>[10]

For reasons described below, the Court finds that Petitioner's requested injunctive and declaratory relief is not properly sought via the Amended Petition. Likewise, the Court finds that the Amended Petition's (sole) other sought-after relief—namely Petitioner's release from physical confinement—has been mooted by Petitioner's release from detention.[11] Therefore, the Court will dismiss the Amended Petition.

### 1. Injunctive Relief

As just stated, via the Amended Petition, Petitioner requests injunctive relief. Specifically, Petitioner requests an injunction preventing "any enforcement action" (whatever precisely that means) "against Petitioner to retaliate against her [for her] past speech or to chill her future speech." (Doc. No. 14 at 14).

---

[10] Below, the Court is resolving the Amended Petition without ruling on the various motions pending in this action. The Court finds that it is empowered to do so by the habeas statute. 28 U.S.C. § 2243 ("The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.").

[11] Importantly, this is not to say that Petitioner has been released entirely from *custody*.

Section 2241 has an "in custody" requirement, *see* 28 U.S.C. § 2241(c), and "[t]he custody requirement is a jurisdictional one." *Harmon v. Long*, No. 3:15-CV-0149, 2015 WL 1275285, at *2 (M.D. Tenn. Mar. 18, 2015) (citing *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)). Importantly, "[a]ctual physical custody is sufficient but not necessary to satisfy the custody requirement," *Lawrence v. 48th Dist. Court*, 560 F.3d 475, 479 (6th Cir. 2009), and a release from custody "may," not to say always *does*, "moot a habeas claim." *Limon v. Brewer*, No. CV 18-10772, 2023 WL 158897, at *13 (E.D. Mich. Jan. 11, 2023

Here, although Petitioner has been released from physical confinement, the Court discerns that she remains in "custody" as a result conditions placed on her release from physical confinement. *See Lawrence*, 560 F.3d at 480 (observing that "personal recognizance bonds categorically suffice as restraints on liberty"); *Simpson v. Jones*, No. 11-CV-422-JBC-CJS, 2012 WL 3912755, at *2 n.8 (E.D. Ky. July 16, 2012) ("Although Petitioner has since been released and remains on bond, he is still 'in custody' for purposes of his § 2241 habeas petition"), *report and recommendation adopted*, No. CIV.A. 11-422-JBC, 2012 WL 3912738 (E.D. Ky. Sept. 7, 2012).

Nevertheless, although Petitioner remains in custody, the Court discerns that this particular requested relief has been mooted for other reasons, as will be explained below.

The relief available under Section 2241 is circumscribed. *Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020) That is because Section 2241 is "employed when 'the relief that [a petitioner] seeks is a determination that he is entitled to immediate release or a speedier release from [] imprisonment [or custody].'" *Awshana v. Adduci*, 453 F. Supp. 3d 1045, 1047 (E.D. Mich. 2020) (quoting *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007)). Put another way, and as one district court recently observed in adjudicating a petition for habeas corpus under Section 2241, "[h]abeas corpus relief is not the proper mechanism to seek relief other than release from custody." *Brown v. USP Big Sandy*, No. 7:23-CV-41-REW, 2023 WL 3831850, at *1 (E.D. Ky. May 12, 2023). *See also Brown v. Craddock*, No. 3:25-CV-00508, 2025 WL 2621294, at *2 (M.D. Tenn. Aug. 14, 2025) ("[R]elease from custody is the 'typical remedy' sought in a habeas corpus petition." (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).

Here, Petitioner's requested injunction—namely an injunction preventing "any enforcement action against Petitioner to retaliate against her [for her] past speech or to chill her future speech" (Doc. No. 14 at 14)—would amount to relief that goes far beyond immediate or speedier release from custody or confinement. What Petitioner seeks here is a wide-ranging injunction against all sorts of potential unlawful behavior in the future that is separate and apart from any specific challenge made (in her Amended Petition) to her March 4, 2026 arrest and subsequent detention. The Court finds that this type of injunction is not properly sought via the Amended Petition.[12] *See Brown*, 2023 WL 3831850, at *1 ("Habeas corpus relief is not the proper

[12] Petitioner might argue that a request for an injunction of "any enforcement action against Petitioner to retaliate against her [for her] past speech or to chill her future speech" (Doc. No. 14 at 14) is appropriately made insofar as such a request could provide relief from custody (extending beyond Petitioner's March 4, 2026 arrest and subsequent physical confinement) imposed on Petitioner as a result of Petitioner being subjected to removal proceedings or an order of deportation. Such an argument would be unavailing because (1) the Amended Petition is a challenge to only Petitioner's prior *March 4, 2026 arrest and subsequent physical confinement* and so the Amended Petition does not present a challenge to *any other type of custody* (including any future custody) to which Petitioner might be subjected as a result of being

mechanism to seek relief other than release from custody."). *See also Beswick v. Barr*, No. 5:20-CV-98-DCB-MTP, 2020 WL 3520312, at *1 (S.D. Miss. June 29, 2020) ("The 'sole function' of a habeas petition is to 'grant relief from unlawful imprisonment or custody' and 'the court has no power to entertain an application for . . . injunctive relief.'" (quoting *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976))); *Mbutha v. U.S. Immigration and Customs Enforcement*, 812 F. Supp. 3d 1308, 1312 (S.D. Fla. 2025) ("Accordingly, even if there were jurisdiction over this [Section 2241 habeas] petition, the Court would not be able to grant the injunctive and declaratory relief the petitioner seeks because this relief is outside the 'core' of the historical relief afforded by the writ of habeas corpus.").[13]

**2. Declaratory Relief**

Petitioner also seeks a declaration that the "[March 4, 2026] arrest and [subsequent] det[ention] [of] Petitioner violate the First Amendment, the Fourth Amendment, and the Due Process Clause of the Fifth Amendment." (Doc. No. 14 at 14). As with Petitioner's requested injunctive relief, the Court does not discern that the habeas corpus petition in this action (i.e., the Amended Petition) is the appropriate vehicle for seeking this kind of declaratory relief. As the Court noted above, Section 2241 is "employed when 'the relief that [a petitioner] seeks is a determination that he is entitled to immediate release or a speedier release from [] imprisonment

---

subjected to removal proceedings or an order of deportation, and (2) the Court discerns that relief sought via a petition for habeas corpus must actually be relief that goes towards the custody *challenged via that petition*, and not relief that goes towards some form or instance of custody that the petition does not challenge.

[13] The Court's rationale as to Petitioner's requested injunctive relief was (somewhat) foretold by Respondent in his reply (Doc. No. 40) filed in support of the motion to dismiss (Doc. No. 25) filed in this action. (Doc. No. 40 at 3 (arguing that the "remedy for habeas petitions is release from unlawful detention" and that "[d]istrict courts have declined to provide injunctive relief by enjoining ICE from re-detaining Petitioners because it is too speculative.").

[or custody],'" *Awshana*, 453 F. Supp. 3d at 1047 (quoting *Lutz*, 476 F. Supp. 2d at 718), and "[h]abeas corpus relief is not the proper mechanism to seek relief other than release from custody." *Brown*, 2023 WL 3831850, at *1. *See also Craddock*, 2025 WL 2621294, at *2 ("But release from custody is the 'typical remedy' sought in a habeas corpus petition." (quoting *Munaf*, 553 U.S. at 693)).

Here, Petitioner's requested declaration—i.e., that Petitioner's March 4, 2026 arrest and subsequent detention were unconstitutional—is not relief that would secure Petitioner's "release from custody." *Brown*, 2023 WL 3831850, at *1. Rather, Plaintiff's requested declaration would be just that—a mere declaration, a statement from the Court that something is unconstitutional. So it is no surprise that district courts in this circuit have suggested that requests for declaratory relief like Petitioner's are not appropriately raised in petitions for habeas corpus brought pursuant to Section 2241. *See Gillespie v. Olmstead*, No. 1:23-CV-1289, 2024 WL 277520, at *3 (W.D. Mich. Jan. 25, 2024) (dismissing request, made in a petition for habeas corpus brought pursuant to Section 2241, for a declaration that "Petitioner's constitutional rights were violated," because "[a] claim seeking relief other than release is properly brought under 42 U.S.C. § 1983" and advising a petitioner that he may seek such relief in a separate action). And so, the Court does not discern

that this sort of requested declaratory relief is properly sought in the instant habeas corpus action.[14]

[15]

### 3. Mootness of Other Requested Relief[16]

---

[14] Some district courts have indicated that it is categorically impermissible to seek declaratory relief via a petition for habeas corpus brought pursuant to Section 2241. *See Weiss v. Healy*, No. 4:23-CV-2074, 2024 WL 1858529, at *3 n.2 (N.D. Ohio Mar. 15, 2024) ("To the extent that [petitioner] may have sought declaratory relief from this court in his [Section 2241] habeas petition, such a request is improper in this proceeding."), *report and recommendation adopted*, No. 4:23 CV 2074, 2024 WL 1856545 (N.D. Ohio Apr. 29, 2024), *reconsideration denied*, No. 4:23 CV 2074, 2024 WL 6085281 (N.D. Ohio Oct. 24, 2024); *Vergara v. Mullin*, No. 3:25-CV-2075-E (BT), 2026 WL 1780574, at *3 (N.D. Tex. May 29, 2026) ("federal habeas corpus action is an improper proceeding in which to seek declaratory relief."), *report and recommendation adopted sub nom. Vera Vergara v. Mullin*, No. 3:25-CV-2075-E (BT), 2026 WL 1776725 (N.D. Tex. June 18, 2026); *Howard v. Haley,* 2001 WL 303534, at *2 (S.D. Ala. Mar. 8, 2001) ("Therefore, aside from release, injunctive or declaratory relief is unavailable in a habeas action."); *Bernal v. Field Off. Dir. Miami Field Off.,* 816 F. Supp. 3d 1301, 1303 n.2 (S.D. Fla. 2026) ("declaratory and injunctive relief may not be sought through a habeas petition").

The undersigned declines to go as far as concluding that it is categorically impermissible to seek declaratory relief via a petition for a writ of habeas corpus brought pursuant to Section 2241, and indeed, in the past the undersigned has granted limited declaratory relief in a Section 2241 context (although, frankly, the undersigned's views regarding so doing have recently been evolving, and he is now less inclined than before to do so). *See Ramirez v. Bullock, et al.*, No. 3:26-cv-00888, Doc. No. 26 (M.D. Tenn. August 27, 2026). However, the circumstances where the undersigned has granted declaratory relief in a Section 2241 context are—for reasons the Court need not detail herein— distinguishable from the circumstances in the instant action, and, for the reasons described in the body of this memorandum opinion and order, the Court finds that Petitioner's requested declaratory relief is not appropriately sought via the Amended Petition.

[15] Although Petitioner and Respondent do not address the particular basis on which the Court rejects Petitioner's request for declaratory relief, the Court discerns that it may evaluate *sua sponte* whether declaratory relief is appropriately sought via a petition for habeas corpus. *See Weiss*, 2024 WL 1858529, at *3 n.2 (rejecting request for declaratory relief made in a petition for habeas corpus pursuant to Section 2241 even where this issue had not been raised by the parties). This makes perfect sense because the issuance of a declaratory judgment is a matter within the district court's discretion; indeed, the district court enjoys an unusual kind of discretion as to whether to issue or decline to issue a declaratory judgment. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 563 (6th Cir. 2008) (noting "the 'unique and substantial' discretion which the Declaratory Judgment Act confers on district courts" (citing *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286 (1995))).The Court has little trouble concluding that such discretion encompasses the prerogative to identify *sua sponte* considerations that, in the district court's view, counsel against issuing a declaratory judgment.

[16] Notably, Respondent argues that the Petition has been mooted because (according to Respondent) Petitioner has been "released from custody." (Doc. No. 40 at 3). The Court does not find the Amended Petition—and more precisely the Amended Petition's request that the Court order the "release [of] Petitioner [from physical confinement]" (Doc. No. 14 at 14)—moot on the ground that Petitioner is no longer in *custody*. Indeed, consistent with the earlier footnote, the Court discerns that Petitioner actually is still *in* custody based on the conditions of her release from physical confinement.

That takes the Court to the last of the relief that Petitioner seeks via the Amended Petition, namely an order directing the "release [of] Petitioner [from physical confinement]." (Doc. No. 14 at 14). Although Petitioner's request for an order of release from physical confinement is—unlike her request for injunctive and declaratory relief—appropriately sought via the Amended Petition, the Court finds that Petitioner's request for an order directing the "release [of] Petitioner [from physical confinement]" (*id.*), is now moot for the reasons explained below.

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a live case or controversy—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id*. (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). "Mootness [also] results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). "If a controversy is moot, the court lacks subject matter jurisdiction over the action." *Tallon v. Lloyd & McDaniel*, 497 F. Supp. 2d 847, 851 (W.D. Ky. 2007). Importantly, "the mootness inquiry must be made at every stage of a case." *McPherson v. Mich. High. Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997).

In the context of petitions for a writ of habeas corpus under Section 2241, courts have found that a petition becomes moot when a petitioner receives her requested relief. *Weiss*, 2024 WL 1858529, at *4 ("Accordingly, because [petitioner] has obtained the relief he requested, this

---

Instead, the Court finds that the Amended Petition—and again more precisely the Amended Petition's request that the Court order the "release [of] Petitioner [from physical confinement]" (Doc. No. 14 at 14)—is moot because Petitioner is no longer in the physical confinement (i.e., detention) from which Petitioner seeks release, even if Petitioner remains in *custody*.

case has been rendered moot and the habeas petition should be dismissed on that basis."); *Amazon v. Meissner*, 229 F.3d 1141 (4th Cir. 2000) (finding petition for habeas corpus pursuant to Section 2241 moot following deportation (and end of confinement) where petition "attacked [] confinement only (rather than the deportation order)"); *Chibinda v. Att'y Gen.*, No. 1:18-CV-780, 2019 WL 12346965, at *2 (S.D. Ohio Nov. 7, 2019) ("where a petitioner challenging his detention under § 2241 is released from detention prior to filing his petition under an order of supervision, the petition is rendered moot."). This proposition holds true even where a petitioner otherwise remains "in custody" after receiving the relief requested in their petition. *Mbaye v. Price*, No. 2:11-CV-1015, 2012 WL 4364256, at *1 (S.D. Ohio Sept. 24, 2012) (observing that although petitioner remained in custody, his sought-after relief—his release from continued physical custody—had been obtained, thus mooting the petition); *Chibinda*, 2019 WL 12346965, at *1 n.1, *2 (observing that petitioner remained in custody, but that the petition was moot because the detention challenged via the habeas petition had ended).

Here, as noted above, Petitioner was released from physical confinement on March 19, 2026. (Doc. No. 26-1 at 4; Doc. No. 33 at 1; Doc. No. 37-1 at 4). And so, the Court does not discern that it can "grant [Petitioner her] requested relief," *Carras*, 807 F.2d at 1289, insofar as the Amended Petition seeks the "release [of] Petitioner [from physical confinement]," (Doc. No. 14 at 14), because Petitioner has already been released from physical confinement.[17] Thus, to the extent

[17] In some of her filings, Petitioner indicates that the Court could also order Petitioner released from *custody* writ large. (Doc. No. 38 at 8-9). That is to say, Petitioner also requests that the Court issue an order invalidating her current terms of *release*—for example her bond conditions—from physical confinement. The Court sees no basis to issue such an order in this action for two reasons. First, this form of relief is requested *nowhere* in Petitioner's Amended Petition, and Petitioner identifies no case law indicating that relief can be properly granted that is not first requested in the operative petition (i.e., the Amended Petition in this case) in a habeas corpus action. And second, the legal theories advanced by Petitioner in the Amended Petition do not contemplate this form of requested relief, given that those legal theories challenge *solely* Petitioner's March 4, 2026 arrest and her (since ended) physical confinement.

that the Amended Petition seeks Petitioner's release from physical confinement, the Court finds that the Amended Petition is moot.

## CONCLUSION

In sum, the Court has found that Petitioner's requested injunctive and declaratory relief is not properly sought via the Amended Petition, and the Court has further found that Petitioner's (sole) other requested relief—namely her request for her release from physical confinement—has been mooted by Petitioner's release from that physical confinement.

Accordingly, the Amended Petition (Doc. No. 14) is **DISMISSED**. Given the dismissal of the Amended Petition, the pending motions in this action (Doc. Nos. 23, 25, 39) are **DENIED** as moot. The Clerk is **DIRECTED** to enter judgment for purposes of Rule 58 and to close the file.

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE